DAVIS *v.* BENEDICT *et al.*

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

INTERPLEADER—WHEN LIES.

   One B., as one of the next of kin of a testator, employed plaintiff to contest certain legacies given by the will, which were thereupon adjudged invalid, and B. became entitled to share in the amount of the legacies so declared invalid. B. then drew a draft, payable to M & Co., bankers, on the executor for his (B.'s) share in the estate of testator, which draft the executor accepted. Before the money was paid to M. & Co., plaintiff sued B. and the executor, claiming an attorney's lien on the fund in the executor's hands, and served a notice of his lien on the executor. *Held*, under Code Civil Proc. N. Y. § 820, providing for an interpleader where a person, without collusion, is subjected to a double demand for money, that the executor, on payment of the fund in his hands to the county clerk, should be discharged from liability therefor, and M. & Co. be made defendants to the action.

Appeal from special term, Monroe county.

Action by Albert A. Davis against Joseph Benedict and Henry T. Dunham, individually and as executor of the will of Fanny S. Benedict, deceased. From an order granted on the motion of defendant Dunham, Benedict and others appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Edward Lewis*, for appellants.   *W. F. Jenks*, for respondent.

CORLETT, J. In June, 1888, Fanny S. Benedict died leaving a will, by which she gave her property to legatees. Joseph Benedict was not one of them. He was a relative of the deceased, and as such entitled to a third of the personal property, which the will did not otherwise dispose of. The will was admitted to probate, and the defendant Henry T. Dunham was appointed executor. The defendant Benedict employed the plaintiff, who was an attorney, to assist him in obtaining some of the property of the deceased. The advice of the plaintiff was to the effect that the bequests were invalid. A contest

ensued, which resulted in favor of the plaintiff's contention. He claims to have necessarily disbursed in the proceeding $147.87, and that his services were worth $492.76, to recover which this action was brought. He also claimed that there came into the executor's hands money to the amount of $1,478.28, which belonged to the defendant Benedict. Upon the final accounting of the executor in September, 1890, a decree was made by that court adjudging that this sum belonged to Benedict, and should be paid to him as his distributive share of the estate. On the 4th day of April, 1890, Benedict drew his draft or order on Dunham, as executor, for the sum of $1,000, payable to the order of A. D. Mather & Co.'s Bank. The same was accepted by Dunham, but, before the money was paid to the bank, this action was commenced, the plaintiff asking for a decree adjudging that he had an attorney's lien upon the share of Benedict to the amount of $640.63, the alleged value of his services and disbursements. The plaintiff, at the same time, served a notice of the lien upon Dunham, and forbade his paying the money to Benedict. Dunham then made a motion, which resulted in the order appealed from, which was as follows: "On reading and filing notice of this motion, the affidavit of the defendant Henry T. Dunham, verified on the 3d day of October, 1890, and a copy of the plaintiff's complaint thereto annexed, and on proof of due service of the notice of motion on the plaintiff, defendant Benedict, and A. D. Mather & Co.'s Bank, and after hearing W. F. Jenks, of counsel for defendant Dunham, and on reading and filing the affidavits of J. Benedict and Charles W. Mather, and after hearing Mr. E. Lewis for defendant Benedict, and for A. D. Mather & Co., and Mr. G. F. Yeoman for plaintiff: Ordered that, on payment by the defendant Henry T. Dunham, to the clerk of the county of Monroe, of the sum of $1,238.28, within ten days from the entry of this order, less $10 costs of this motion, Charles W. Mather and Joshua Mather be substituted as parties defendant in this action in place of Henry T. Dunham; and that thereupon said Henry T. Dunham, both individually and as executor of Fanny S. Benedict, deceased, be discharged from liability, either to the plaintiff herein, or to the defendant Joseph Benedict, or to said A. D. Mather & Co., and that the plaintiff, if so advised, be at liberty, within twenty days from the entry of this order, to serve upon said substituted defendants the summons and complaint in this action. And it is further ordered that, if the said Charles W. Mather and Joshua Mather do not appear and defend this action within twenty days after service of this order, together with a copy of the summons and complaint as aforesaid, the plaintiff may apply, on eight days' notice, for an order that the amount of his claim, as stated in the complaint herein, may be paid to him from the moneys so deposited, and that the balance of said moneys be paid to A. D. Mather & Co.'s Bank." The sum named in the order was the amount which remained in the executor's hands. Dunham held the money in controversy as executor. After the surrogate's final decree this controversy arose, and the executor was compelled either to pay the money according to the surrogate's decree, or obtain the direction of the court as to what he should do with it. The plaintiff in this action was not a party to the proceedings or decree in the surrogate's court. Section 820 of the Code of Civil Procedure provides for proceedings such as resulted in the order. In *Crane* v. *McDonald*, 118 N. Y. 648, 23 N. E. Rep. 991, it was held that where a person, without collusion, is subjected to a double demand for money, and it fairly appears that there is a substantial controversy, the person who is holding the fund may resort to interpleader. The plaintiff's position in this case is analogous. The fact that the surrogate's court had made a decree before this controversy arose is of no importance. *Goodrich* v. *McDonald*, 112 N. Y. 157, 19 N. E. Rep, 649. Such proceedings have often been resorted to and sustained. *Dorn* v. *Fox*, 61 N. Y. 264; *Dreyfus* v. *Casey*, 5 N. Y. Supp. 65. The order of the special term was properly granted, and must be affirmed. All concur.