PRATT v. MYERS et al.

(*Supreme Court, General Term, Fifth Department.* March, 1892.)

INTERPLEADER—ACTION BY ASSIGNEE OF ATTACHED PROPERTY.

   After an attachment had been levied on bank deposits, the depositor informed the bankers that he had assigned the same to plaintiff, and the latter brought an action to recover them. *Held*, that it was proper to require the plaintiff in attachment and the sheriff who levied the writ to interplead as parties defendants instead of the bankers.

   Appeal from special term, Erie county.

   Action by George L. Pratt against Theodore Myers and another to recover certain bank deposits. From an order discharging defendants upon payment into court of the fund in controversy, and requiring Thomas S. Croly and Gorman, sheriff, to interplead as parties defendant, plaintiff appeals. Affirmed.

   Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

   *M. Shire*, for appellant. *Simpson & Werner*, for respondents.

   DWIGHT, P. J. The admitted facts presented by the papers on this motion fully justify the granting of the order. Before the 19th day of January, 1891, one John C. Allen had deposited with the defendants, who were bankers in the city of New York, the sum of $4,000, in the name of "Allen & Co." On the day mentioned he caused the deposit to be transferred to the name of "Allen & Co., Agents." On the 19th day of March the sheriff of New York county levied on the interest of Allen in the fund and deposit in question, by virtue of an attachment issued out of the supreme court of Onondaga county, at the suit of one Thomas S. Croly against the said John C. Allen. Twelve days after the levy of the attachment Allen for the first time informed the defendants that the deposit had been assigned by him to the plaintiff in this action, and the latter afterwards demanded of the defendants the payment of the deposit to him, and on the 1st day of September commenced this action in Erie county to recover the same. Thereupon the defendants moved, on due notice to all parties, that Croly, the plaintiff in the attachment, and Gorman, the sheriff, who levied the attachment, be required to interplead with the plaintiff, in the place and stead of the defendants, as defendants in this action, and that upon payment by the latter into court of the sum of $4,000 they be relieved and discharged from all further liability in the premises, and the order was granted from which this appeal was taken. These facts seem to present all the elements of a case for interpleader. There is plainly a real controversy between the plaintiff in the attachment and the plaintiff in this action.

The present defendants are subjected to a double demand, and there is no suggestion of collusion between them and the defendants proposed to be substituted in their place. *Crane* v. *McDonald,* 118 N. Y. 648, 23 N. E. Rep. 991; *Davis* v. *Benedict,* (Sup.) 14 N. Y. Supp. 178. Counsel for the appellant in his brief correctly states the real question to be "whether at the time of the levy the debt attempted to be levied upon was then due to Allen, or had been previously transferred by him to the plaintiff, Pratt." That, undoubtedly, is the question in the case, but it is a question to be litigated in the action between the two claimants of the fund, and not on this motion, and by the defendants, who disclaim any interest in the fund, and declare their readiness to pay it into court, to abide the determination of the question thus propounded. It is true that the affidavit of the plaintiff read on the motion contains a statement of facts tending to establish his title to the fund; but these facts the plaintiff in the attachment has, as yet, had no opportunity to meet. So far as they are not already alleged in the plaintiff's complaint they may be set up by way of an amendment to that pleading, which is expressly provided for by the order appealed from, and by that means an issue will be tendered in which the new defendants may join by their answer. That issue is one in which the present defendants have no interest. The order appealed from should be affirmed. So ordered, with $10 costs and disbursements. All concur.