FELDMAN *et al. v.* GRAND LODGE A. O. U. W.

*(Supreme Court, General Term, First Department.* May 13, 1892.)

1. INTERPLEADER—NOTICE TO INFANTS SUBSTITUTED.

    In an action against a mutual benefit company on a life insurance certificate, brought by those named as beneficiaries, defendant applied for an order of interpleader to allow it to pay the amount due into court, and to substitute as defendants the widow and children of the assured, who claimed the fund. Some of the children were infants, and no notice was served on them, though it was served on the other alleged claimants, while all of them, including the infants, were substituted as defendants. *Held,* that the order was erroneous because of failure to give the infants notice, as required by Code Civil Proc. § 820, providing for such an order upon notice to plaintiff and the person making the claim. INGRAHAM, J., dissenting, on the ground that the claim was really made only by the widow, who merely claimed that the children would be entitled to a portion of the fund in a certain contingency, and that, as notice was given to her, failure to notify the infants was not prejudicial.

2. SAME—PAYMENT INTO COURT—MODIFYING ORDER ON APPEAL.

    In an action against a mutual benefit company on a life insurance certificate, in which the amount of the certificate, with interest from a certain time, is admitted to be due, an order of interpleader made on defendant's motion, substituting as defendant one who claims the fund adversely to plaintiffs, will not be reversed because it directs defendant to pay into court the amount of the certificate only, but will be modified by requiring him also to pay the interest. Per INGRAHAM, J.

3. SAME—ABSENCE OF ADVERSE CLAIM TO PART OF FUND.

    An order of interpleader directing defendant to pay into court the whole fund due from it, where no claim is made against the right of one of the plaintiffs to half of the fund, is erroneous, as half the fund should be directed to be paid to him at once. Per O'BRIEN, J.

Appeal from special term, New York county.

Action by Tillie Feldman, individually, and Frank Joseph Anton Feldman, an infant, by said Tillie Feldman, his guardian *ad litem,* against the Grand Lodge of the Ancient Order of United Workmen of the State of New York, to recover on certain benefit certificates. From an order made on defendant's motion interpleading Babette A. Dobler and others, and discharging defendant on payment into court of the amount claimed, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*J. G. Flammer,* for appellants. *L. Andrus,* for respondent.

INGRAHAM, J. By the certificate issued to Anton Dobler the sum of $2,000 was payable upon his death to Babette A. Dobler, his wife. Subsequently Anton Dobler revoked the direction under which this certificate was issued, and directed the payment of the beneficiary fund to be made to Charles Dobler, his son. Subsequently Anton Dobler revoked the last direction, and directed the payment of the fund to be made to Frank Joseph Anton Dobler and Tillie Dobler, his son and wife, share and share alike. It also appeared that Tillie Dobler was not the lawful wife of Anton Dobler, and that Babette A. Dobler, as the wife of Anton Dobler, claims the fund, and has demanded payment thereof. There is no intimation that there is any collusion between the defendant and the claimants of this fund, and we think that a proper case is made out for an interpleader, and that the claimants be substituted as defendants in this action upon payment into court of the amount claimed. The complaint, however, demands judgment for the sum of $2,000, with interest thereon from December 28, 1891, and the order provides that the defendant pay to the chamberlain of the city of New York, to the credit of this action, the sum of $2,000, within 10 days from the entry of the order. Before the defendant can be discharged from liability, it must pay into court the amount claimed by the plaintiffs, and the order must therefore be modified so that the defendant pay into court, in addition to the sum of $2,000, interest thereon from the 28th of December, 1891, to the date of payment.

The objection is also made that as some of the alleged claimants are infants, and were not represented by guardian, and no notice of the application was shown to have been served upon them, the order would not be binding upon them. But it does not appear that any of the infants have any claim to this fund. All that appears is that the widow of Anton Dobler has made some claim that, in a certain contingency, her children would be entitled to a portion of the fund. Notice was given to Babette A. Dobler, the person who claimed the fund, and, she having appeared on the motion and consented to the order, the court had power to substitute her as the defendant in the action upon the payment into court of the amount claimed in the complaint, and on such a motion the court also had power to join as a party defendant any person who has or claims an interest in the controversy adverse to the plaintiffs, or who is a necessary party defendant for the complete determination or settlement of the question involved therein. Code, § 427. The plaintiffs cannot be injured by the failure of the defendant to give notice to the infants, and having a guardian *ad litem* appointed for them, as, in case the defendants fail to answer the amended complaint, they will be entitled to the fund. I think, therefore, that the order appealed from should be modified by substituting for the sum to be paid into court the sum of $2,000, and interest thereon from December 28, 1891, to the date of the payment, and that upon such payment being made the summons and complaint in this action be amended by inserting the individuals substituted as defendants in place of the present defendant, and that the plaintiffs be allowed to make and serve an amended summons and complaint accordingly, and as thus modified the order should be affirmed, without costs to either party.

VAN BRUNT, P. J. I dissent. I am of the opinion that parties should not be brought in without notice to them.

O'BRIEN, J. This action was commenced to recover the sum of $2,000 under a beneficiary certificate issued by the defendant on the life of one Anton Dobler. The plaintiffs' right to recover is based upon the fact that they are the ones designated as the beneficiaries in the policy. The defendant, while admitting its liability, seeks to have substituted as defendants, in its place and stead, by an order of interpleader, the wife and minor children of Dobler. Upon the defendant's own affidavits, as to the extent of the claim advanced adversely to plaintiffs, it is extremely doubtful, to say the least, if any such state of facts is presented showing a right to an order of interpleader. The rule is now settled that there must be some reasonable foundation for a claim asserted to entitle a defendant, while admitting its liability, to have such claimants substituted by order of interpleader. In other words, the question upon a motion of this character is as to whether or not there is a reasonable doubt as to the safety of the stakeholder in paying over the money. As stated by Mr. Justice VAN BRUNT, in *Bank* v. *Yandes,* 44 Hun, 55, such reasonable doubt must be supported by proof raising a question upon which the court may pass judicially, and the claim must have some foundation in law. Assuming, however, that it were in other respects a proper case for an order of interpleader, we think upon other grounds, apparent upon the record, the order should not be granted. Section 820 of the Code of Civil Procedure provides, in terms, that a defendant may apply to the court, upon notice to the plaintiffs and to the person making the claim, for an order of substitution or interpleader. Here the defendant's affidavits and notice of motion show that the application is to the court for an order that Babette Anna Dobler, Charles Dobler, Anton Dobler, Albert Dobler, Tillie Machlein, Herman Dobler, Elizabeth Dobler, and William Dobler be interpleaded in the action. Of these persons four are infants, upon whom service of the notice of motion was not made. The order appealed from, however, without such no-

tice having been given, required the substitution, in addition to Babette Anna Dobler, of all the children, including these infants. In view of the express provision in section 820 of the Code, requiring notice, this could not be done. This provision is most reasonable, and should be observed, for otherwise persons without notice might be injected into a lawsuit without desiring it, and against the protest of the plaintiff.

Another omission in the order, as shown by Mr. Justice INGRAHAM, was the failure to provide for payment into court, in addition to the principal, of the interest on that sum. The order appealed from requires that the entire principal should be deposited in court, although in respect to the claim of one of the plaintiffs, Frank Joseph Anton Dobler, who claims one half, no adverse claim is suggested; and, in the absence thereof, it would seemingly have been the proper thing to have directed the payment of one half of the amount to him, though the court might have been of opinion that as to the balance it should have been deposited. For these reasons we are of opinion that the order appealed from should be reversed, with $10 costs and disbursements.