LOUISE F. MARS, AS ADMINISTRATRIX OF JOHN H. MARS DECEASED, RESPONDENT, *v.* ALBANY SAVINGS BANK, APPELLANT.

*Interpleader of rival claimants to a savings bank deposit — what the affidavit on a motion therefor should state.*

In an action brought against a savings bank by a depositor, an application was made by the bank for an order of interpleader under section 820 of the Code of Civil Procedure. The affidavit upon which the motion was made alleged that persons, other than the depositor suing, claimed the fund; that these persons were not in collusion with the bank; that they claimed by reason of an alleged gift from a former owner of the fund, and that the bank was ignorant of the grounds and merits of the respective claims.

*Held,* that the affidavit was insufficient.

That it should state facts showing that there was some foundation for the rival claim, or some plausibility in it, or such a state of facts as justified a reasonable doubt in respect thereto in the minds of the officials of the bank.

*Williams* v. *Ætna Life Insurance Company* (8 N. Y. St. Rep., 567) followed.

APPEAL by the defendant, the Albany Savings Bank, from an order of the Supreme Court, entered in the office of the clerk of Albany county on the 4th day of January, 1892, denying its motion that Helen Stanley and Kate A. Judge be substituted, in its place,

as defendants in the above-entitled action upon its payment into court of the sum claimed in the complaint, and that it be thereupon discharged from all liability by reason of said fund to the plaintiff, or to said Stanley, or to said Judge, jointly or severally.

*James Fenimore Cooper*, for the appellant.

*Norton Chase*, for the respondent.

PUTNAM, J.:

Plaintiff, as administratrix of John H. Mars, brings this action to recover a balance of $773.72, claimed to be due from defendant, alleging that at the time of his death John H. Mars had on deposit with defendant $1,186.38. After his death the account was transferred to the credit of the plaintiff, as his administratrix. She afterwards deposited various sums to her credit, as administratrix, and drew out moneys, and at the time of the commencement of the action there was due her from defendant the sum of $773.72, which plaintiff had demanded of defendant and the latter had declined to pay.

The defendant, on the complaint and an affidavit, moved, under section 820 of the Civil Code, for an order substituting Helen Stanley and Kate E. Judge, as defendants, and discharging defendant from liability to the plaintiff, or said Stanley and Judge, on paying into court the amount claimed in the complaint. The affidavit on which the defendant moved, as far as material, is as follows :

" That deponent further says that Helen Stanley and Kate A. Judge, who are not parties to said action, make a demand of said bank for the payment to them of said sum sought to be recovered in this action, claiming to be entitled to the same, and to be the owners thereof; that said demand is made without collusion with the defendant herein ; that the nature of the claim of said claimants to said property, as far as shown to this deponent, is as follows, namely : That the plaintiff in this action claims the said sum, as administratrix of the late John H. Mars, deceased, and that the said Helen Stanley and Kate A. Judge claim the same by virtue of an alleged gift to them of said fund by the said John H. Mars, deceased, during his lifetime.

"And deponent further says that the defendant has no interest in the question to whom said debt or deposit belongs, and is ignorant of the grounds and merits of the respective claims made to said fund or debt, except as above set forth, and does not know to which of said claimants it may safely pay said fund or debt, and offers to pay the same into court, or to such person as this court may direct."

This is an appeal from an order denying said motion.

It will be observed that the affidavit does not state *any facts* showing that the claim asserted by Stanley and Judge is well grounded, or that such claim is not frivolous, or that the officers of the defendant have doubts as to its validity. For all that appears in the affidavit the claim of the said parties may not only be frivolous, but the defendant's officers may believe it invalid. It is true that the affidavit states that the treasurer of defendant is ignorant of the grounds or merits of the respective claims made to said fund and does not know to which of said claimants it may be safe to pay the same. But it is not stated in said affidavit that the claim of Stanley and Judge is plausible or that the treasurer believes it is well founded, nor are any facts set out from which it might be inferred that the claim is such as to create a well founded doubt as to its validity. In *Bowery National Bank* v. *The Mayor, etc., of New York City* (4 N. Y. St. Rep., 565), it was held that on a motion like this it was not necessary for an affidavit to show that the demand made on the fund would probably be successful, but only that there was a person not a party to the action who made a demand for the same debt without collusion with defendant. That case was followed in *Dreyfus* v. *Casey* (52 Hun, 95). Under these authorities, probably the affidavit in this case should be deemed sufficient. I judge, however, that in the cases cited the facts appearing indicated that the claim of the persons who were substituted as parties defendant were plausible, and not frivolous, and that said facts created a reasonable doubt as to the validity thereof. In that regard those authorities are not similar to this case.

A different construction was placed upon the provisions of section 820 (*supra*) by the General Term of this district in *Williams* v. *Ætna Life Insurance Company* (8 N. Y. S. Rep., 567). In that case it was held that the court has a discretion to grant or refuse an order

to substitute a third party making a claim to a fund. In that case Justice LEARNED, delivering the unanimous opinion of the court, remarked, "There must always be a real doubt in the mind of the defendant, based upon facts, as to who has the just claim, before an interpleader should be permitted, or the provisions of the Code of Civil Procedure, section 820, enforced." The affidavit on which the motion was made in that case seems like the affidavit here. The General Term reversed the order in that case made at Special Term, holding that there should be evidence given as to the validity of the claim asserted to the fund to recover which the plaintiff bought the action. (See, also, *Pustet* v. *Flannelly* (60 How., 67.)

I assume that the judge below felt bound to follow the rule laid down by the General Term of this district in the case cited. In the case we are considering the plaintiff seeks to recover a deposit standing in her name as administratrix in defendant's bank. The defendant asks to substitute other parties as defendants, on the mere allegation that they claim the fund. No facts are stated from which we could infer that there are any grounds for the claim. In fact, the affidavit on which the motion is founded states that defendant's treasurer is ignorant of the grounds and the merits of the respective claims. The affidavit does not state that the defendant's officers have doubts as to whether the claim asserted by Stanley and Judge is invalid or otherwise, or that the claim is plausible, or that they believe it to be well founded. I think it is proper, when an application is made under the provisions of section 820 (*supra*), that the affidavits and papers on which said motion is founded should set out facts showing that there is some foundation for the claim asserted to the fund, or some plausibility in the claim, or such a state of facts as justifies a reasonable doubt in the mind of the moving party as to its validity. To that extent, at least, I think the case of *Williams* v. *Ætna Life Insurance Company* (*supra*) should be followed.

The order should be affirmed, with costs.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.