LOUISE F. MARS, as Administratrix, etc., of JOHN H. MARS, Deceased, Respondent, *v.* THE ALBANY SAVINGS BANK, Appellant.

*Interpleader of rival claimants to a savings bank deposit — Code of Civil Procedure,*
§ 820 *— insufficient affidavit.*

An affidavit presented by a savings bank on an application for an order of interpleader, under section 820 of the Code of Civil Procedure, in an action brought against the bank by an administratrix of a deceased depositor, to recover a fund on deposit with the bank, which set up that the fund was claimed by persons other than the plaintiff, under an alleged gift from the deceased depositor, having been held to be insufficient in that it failed to set out facts showing that there was some foundation for the claim asserted to the fund (64 Hun, 424), the application was renewed upon an affidavit which undertook to set out the facts on which the claim of a gift was founded.

*Held,* that as the statements in the affidavit furnished no evidence on which either the defendant or the court was authorized to presume a gift from the deceased depositor to the claimants, either *inter vivos* or *causa mortis,* the affidavit was still insufficient.

APPEAL by the defendant, the Albany Savings Bank, from an order of the Supreme Court made at Special Term and entered in the office of the clerk of Albany county on the 24th day of January,

1893, denying the defendant's motion that Helen Stanley and Kate A. Judge be substituted, in its place, as defendants in the above-entitled action, upon its paying into court the sum claimed in the complaint, and that said bank be thereupon discharged from all liability by reason of said fund to the plaintiff, or to said Stanley, or to said Judge, jointly or severally.

The motion, which was made under section 820 of the Code of Civil Procedure, was originally made upon the complaint and an affidavit which was adjudged to be insufficient, and the motion denied. The order denying the original motion was affirmed by the General Term, in an opinion reported 64 Hun, 424, which holds, following *Williams* v. *Ætna Life Insurance Company* (8 N. Y. St. Repr. 567), that the papers upon which such a motion is founded should set out facts showing that there is some foundation for the claim asserted to the fund, or some plausibility in the claim, or such a state of facts as justifies a reasonable doubt in the mind of the moving party as to its validity.

The denial of the original motion was without prejudice to its renewal upon additional proof, and after the above decision at General Term the motion was renewed, upon the complaint and the following affidavit, the new allegations in which are denoted by *italics*, the rest of the affidavit being the same as that used on the first application :

" Theodore Townsend, of the city of Albany, being duly sworn, says that he is the treasurer of Albany Savings Bank, the defendant in the above-entitled action ; that said action has been brought and is now pending in this court to recover from said Albany Savings Bank the sum of seven hundred and seventy-three dollars and seventy-two cents ($773.72), now on deposit in said bank, with interest thereon, and claimed by the plaintiff in this action to be her property, as administratrix ; that the complaint herein was served upon said defendant, Albany Savings Bank, on the 5th day of December, 1891 ; that no answer has been interposed to said complaint ; *that this court was heretofore and on the 29th day of December, 1891, moved for a similar order to the one now moved for, which motion was denied without prejudice to its renewal upon additional proof; that an appeal to the General Term of the third department was duly taken from such order of denial, and that*

*on the 2d day of July, 1892, said General Term affirmed the order appealed from.*

"The deponent further says that Helen Stanley and Kate A. Judge, who are not parties to said action, *prior to the beginning of this suit, but who are, or claim to be, daughters of said John H. Mars, made and do now make* a demand of said bank for the payment to them of said sum sought to be recovered in this action, claiming to be entitled to the same, and to be the lawful owners thereof; that said demand was, and is, made without collusion with the defendant herein; that the nature of the claims of said *Helen Stanley and Kate A. Judge and said plaintiff* to said property, so far as known to this deponent, is as follows, namely: that the plaintiff in this action claims the said sum as administratrix of the late John H. Mars, deceased, and that the said Helen Stanley and Kate A. Judge claim the same by virtue of an alleged gift to them of said fund by the said John H. Mars, deceased, *their father,* during his lifetime. .

"*That heretofore the said Helen Stanley and Kate A. Judge duly presented to said bank, and filed with it copies of two certain orders, purporting to be signed by said John H. Mars, dated September 15, 1888, directed to the treasurer of said bank and directing the treasurer thereof to pay to each of said Helen Stanley and Kate A. Judge respectively the sum of one thousand dollars ($1,000), as per accompanying pass book, No.* 61,883, *and then stated to said bank that said orders, together with the pass book therein referred to, were duly delivered to a certain Mrs. Mary Gordon, with directions to deliver the same to said Helen Stanley and Kate A. Judge upon the death of said Mars; that, as this deponent was informed by Francis C. Devlin, Esq., the attorney for said claimants, said orders were duly delivered to said Stanley and Judge, as directed, but that said pass book, for some purpose unknown to this deponent and unexplained to it by said claimants or their attorney, came into the possession of said John H. Mars, prior to his death, from said Mary Gordon, who failed to repossess herself of the same, and that it subsequently came into the possession of the plaintiff, as the administratrix of said John H. Mars.*

"*That this suit is brought to recover the balance now due on said account, number* 61,883 *(the account which said orders were drawn*

*against, and which was represented by said pass book, number
61,883, and which stood in the name of said John H. Mars at the
time of his death), which said account was prior to any knowledge
on the part of this defendant or any of its officers of the claim of
said Stanley and Judge thereto, and after the death of said John
H. Mars, and the appointment of this plaintiff as his administra-
trix, transferred on its books so as to stand in the name of this
plaintiff as such administratrix.*

" *That said plaintiff, after her appointment as administratrix,
deposited in said account the sum of one thousand eight hundred
and thirteen dollars and sixty-two cents ($1,813.62), and subse-
quently and prior to any notice as aforesaid, drew out said sum
and a further sum sufficient to reduce the balance in said account
of one thousand one hundred and eighty-six dollars and thirty-
eight cents ($1,186.38), at the time of said John H. Mars' death, to
th᷾ sum of seven hundred and seventy-three dollars and seventy-
two cents ($773.72), which latter sum, with interest thereon from
July 1, 1891, is still on deposit in said bank and claimed by the
plaintiff herein, and also by the said Helen Stanley and Kate A.
Judge.*

" *That of the sums of money withdrawn from the account as
aforesaid, at various times by Louise F. Mars, as administratrix
of John H. Mars, deceased, and amounting to two thousand two
hundred and fifty dollars ($2,250), the sum of one thousand eight
hundred and thirteen dollars and sixty-two cents ($1,813.62) was,
and was considered and intended to be by said Albany Savings
Bank, a part of, and taken from, the sum deposited to the credit
of said account by said Louise F. Mars, as administratrix, etc.,
and only the balance of the money so withdrawn, or the sum of
four hundred and thirty-six dollars and thirty-eight cents ($436.38),
was taken from the amount on deposit in said bank, to the credit
of said account at the time of the death of said Mars, and accrued
interest thereupon, and that the sum now on deposit in said bank
is the balance·of the sum on deposit in said bank to the credit of
John H. Mars, deceased, at the time of his death.*

"And deponent further says that the defendant has no interest in
the question to whom said debt or deposit belongs, and is ignorant

of the grounds and merits of the respective claims made to said fund or debt, except as above set forth, and does not know to which of the claimants *thereof* it may safely pay said fund or debt, *or which of them is legally entitled to the same, and believes said claims to be made in good faith*, and offers to pay the *said sum so claimed* into court, or to such person as this court may direct.

" THEODORE TOWNSEND.

" Sworn to before me this 24th ⎫
    day of September, 1892.     ⎭

" H. W. GARFIELD,
" <em>Notary Public, in and for Albany County.</em>"

The application was again denied, and from the order of denial the present appeal was taken.

*James Fenimore Cooper*, for the appellant.

*Norton Chase*, for the respondent.

MAYHAM, P. J.:

We fail to see that the material facts on this motion differ in any essential particular from those presented on the former motion in this case.

The presentation to the defendant of what purported to be copies of orders purporting to have been made by the testator, unaccompanied by any originals or the original pass book, and the hearsay account of the attorney for Stanley and Judge of the alleged deposit of the order and pass book with Mary Gordon, carries with it very little weight and furnishes no evidence on which either the defendant or the court is authorized to presume a gift by the intestate either *inter vivos* or *causa mortis*, in the absence of the original orders or any proof on this motion, by affidavit, of Stanley, or Judge, or Gordon, all of whom are presumed to be living, and one of whom at least, is competent to testify upon this subject of the genuineness of the adverse claim of Stanley and Judge for this money.

Such evidence could have been obtained on this motion if attainable, or its absence could at least have been accounted for, if this adverse claim is based upon any substantial grounds.

On the whole, we do not think the case essentially different from

the one disposed of by this court on a former motion, and see no reason for changing the views expressed in that case.

We cannot agree with the contention of the learned counsel for the appellant that the law upon this subject, as declared in this department, is different from that in other departments in this Commonwealth.

The opinion of LEARNED, P. J., in *Williams* v. *Ætna Life Ins. Co.* (8 N. Y. St. Repr. 567), which is followed in this case, is in harmony with that of VAN BRUNT, P. J., in *Nassau Bank* v. *Yandes* (44 Hun, 58), and O'BRIEN, J., in *Feldman* v. *Grand Lodge* (46 N. Y. St. Repr. 122), and is not in conflict with, but distinguishable from, most of the cases cited by the learned counsel for the appellant.

Order affirmed, with ten dollars costs and printing disbursements.

PUTNAM, J., concurred in result; HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing disbursements.