ALICE A. SCHELL, Appellant, *v.* JAMES A. LOWE, Respondent, and WILLIAM J. CLARKE and Another, Interpleaded, Respondents.

*Application for order of interpleader — what must be shown thereon.*

The remedy authorized by section 820 of the Code of Civil Procedure is a substitute for the old action of interpleader, and is governed by the same principles.

The facts essential to the maintenance of such a suit were that two or more persons have a claim against the complainant ; that they claim the same thing ; that the complainant has no beneficial interest in the thing claimed ; that he cannot determine without hazard to himself to which of the persons the thing belongs ; that there is no collusion between him and any of the parties, and that he brings the money or thing claimed into court.

A person, without collusion on his part, was made the party defendant in an action for rent wherein the plaintiff claimed to be the devisee of the lessor as to the premises in question. Upon an application for an order of interpleader the fact was made to appear that, in pursuance of the statute authorizing proceedings for the revocation of probate, the persons sought to be substituted as defendants, who were the heirs at law of the lessor, were then contesting the validity of the alleged will of the lessor before the surrogate.

*Held,* that under such facts the court could not have held otherwise than that a reasonable doubt was presented as to which of the claimants would ultimately be adjudged to be entitled to the rent;

That it was unnecessary in such application to state that the moving party was in doubt as to which of the claimants was entitled to the rent;

That an order of interpleader substituting the heirs at law of the lessor as defendants was properly granted.

APPEAL by the plaintiff, Alice A. Schell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on or

about the 24th day of July, 1893, directing the deposit of certain moneys in court, and substituting William J. Clarke and another as defendants in the place of James A. Lowe.

*Daniel G. Rollins* and *William Mitchell*, for the appellant.

*Andrew Wilson* and *Wales F. Severance*, for the respondents.

PARKER, J.:

An action was brought to recover from the defendant, James Lowe, $3,000 for rent of certain premises leased by him from Richard J. Clarke and Caroline Clarke, May 1, 1891.

The term of the lease is five years and the rental $3,000 per annum, payable monthly in advance.

Richard J. Clarke died June 10, 1892. During the month of October following William J. Clarke and George B. Clarke commenced an action, claiming that Richard J. Clarke died intestate seized of the premises in question; that they were his heirs, and demanded judgment for the possession of the premises, for an accounting of the rent, and for damages. Lowe answered denying knowledge or information sufficient to form a belief as to the rights of the respective parties, alleging the making of the lease and his possession thereunder, offering to pay the rent into court or otherwise, as ordered. A contest was then pending over an alleged will of Richard J. Clarke, but subsequently, and on April 24, 1893, it was admitted to probate.

The next day, however, proceedings for revocation of probate were instituted by William J. Clarke and George B. Clarke, which were undetermined at the time this motion was made.

June 17, 1893, this plaintiff, Alice A. Schell, claiming as devisee under such will, and as assignee of Caroline Clarke, commenced this action to recover the rent of the premises from July 1, 1892, to July 1, 1893. Thereupon this motion was made, the defendant Lowe stating in his affidavit, which formed a part of the moving papers, among other things, that he had no interest in the result of the claim of either of the parties, and that the claim of either had not been made through any collusion with him. The court determined that defendant was entitled, under section 820 of the Code of Civil Procedure, to have William J. and George B. Clarke brought in as defendants, and he discharged from all liability to either

plaintiff or the Clarkes, on payment into court of the sum claimed in the complaint.

Appellant contends that the order thus made cannot be sustained because the affidavit of the moving party does not allege that he is in doubt as to who has the just claim.

In other words, his contention is that it is not sufficient to put the court in possession of the facts, leaving it to determine whether they require the granting of the relief asked for, but that, in addition, the moving party must express an opinion touching the merits of the claim asserted by the respective parties. It is difficult to see how such an expression of opinion could be of aid to a court in reaching a conclusion which must necessarily be founded upon facts. Certainly there is nothing in the section authorizing the court to interplead other parties, requiring that a moving party shall give expression either to his opinions or doubts.

But it is said that the discretion committed to the court is a judicial one, and, therefore, to be exercised in accord with the rules which the courts have from time to time, by decision, established.

That one of the rules so firmly grounded as not to admit of further questioning, requires a statement on the part of the moving party, to the effect that there is a real doubt in his mind, based upon facts, as to which one of the claimants has a just claim.

It has been uniformly held that the remedy authorized by section 820 of the Code of Civil Procedure is a substitute for the old action of interpleader and governed by the same principles.

The facts essential to the maintenance of such suit were, that two or more persons have a claim against the complainant; that they claim the same thing; that the complainant has no beneficial interest in the thing claimed; that he cannot determine, without hazard to himself, to which of such persons the thing belongs; that there is no collusion between him and any of the parties, and that he will bring the money or thing claimed into court. (*Crane* v. *McDonald*, 118 N. Y. 648.)

Now all of these facts appear. It is true that he does not state that he cannot determine, without hazard to himself, to which of the persons claiming it the money belongs, but if he did it would merely be an expression of his opinion, not a fact. The facts were fully stated, and it was for the court to say whether the defendant would

incur such risk in determining which of the parties he should pay, as devolved upon it the duty of exercising the discretion committed to it in his favor.

The decision of the court at Special Term is fully within and authorized by *Bowery National Bank* v. *The Mayor* (4 N. Y. St. Repr. 565); *Pratt* v. *Myers* (45 id. 63); *Barnes* v. *The Mayor* (27 Hun, 236); *Dreyfus* v. *Casey* (52 id. 95).

It is not in conflict with *Nassau Bank* v. *Yandes* (44 Hun, 55).

It was not held in that case that a moving party should manifest, by appropriate language, that he had doubts as to which of the claimants, urging upon him the payment of money which he ought not to pay but once, would ultimately be successful, but that the facts upon which a moving party bases his claim for the order of interpleader should be such as to satisfy the court that there was a reasonable doubt as to whether he would be reasonably safe in paying over the money to one of the claimants. So, in *Mars* v. *Albany Savings Bank* (64 Hun, 424), the point of the decision was that the facts stated by the moving party were insufficient to support an order of interpleader, because they failed to establish that there was some foundation for the rival claim, or some plausibility in it.

It is true that the court quoted from the opinion in *Williams* v. *Ætna Life Ins. Co.* (8 N. Y. St. Repr. 567) the following: "There must always be a real doubt in the mind of the defendant, based upon facts, as to who has the just claim, before an interpleader should be permitted, or the provisions of the Code, section 820, enforced."

So far as I have observed, the case thus quoted from is the only one in which a court has said that the failure of a party to express his opinion touching the claims of success likely to attend the efforts of either of the contending parties should be treated as a fact to be weighed by the court in connection with actual facts in determining whether he is entitled to the relief which the Code undertakes to provide for those meriting it. It is not unlikely that through inadvertence the word "defendant" was used where "court" was intended. Had it been so written, it would have more nearly harmonized with several other decisions. But while it was quoted in *Mars' Case (supra)*, it was not necessary for the decision in that case, because the point was not involved.

It was made use of doubtless with the view that it tended to support the determination made that it must appear from the facts presented in support of the motion that the claim of a person sought to be substituted as a party defendant was not frivolous, but plausible, and such as to create a reasonable doubt touching its validity.

Subsequently, and in the same case (69 Hun, 398), that court reaffirmed the position thus taken.

Now, the facts presented on the motion clearly brought Lowe within the protection of the rule laid down in *Nassau Bank* v. *Yandes* and *Mars* v. *Albany Savings Bank* (*supra*). Without collusion on his part, he had been made a party defendant in an action wherein it was claimed that his lessor had died intestate as to these premises, by reason of which the plaintiff, as his heir at law, demanded the rents. As further evidence of the plausibility of the plaintiff's claim, the fact was made to appear that in pursuance of the statute authorizing proceedings for revocation of probate, the plaintiffs were then contesting the validity of the will before the surrogate. And it was as devisee under that will that the plaintiff in this action claims the right to recover the rent which Lowe in his lease had promised to pay his lessor, Richard J. Clarke.

From these facts it is apparent that the court could not have held otherwise than that a reasonable doubt was presented as to which one of the claimants would ultimately be adjudged to be entitled to the rent. Indeed, it is not conceivable what other facts could have been shown except the evidence upon which the contestants were relying to attack the validity of the alleged will.

No case has gone so far as to hold that it is necessary to produce such evidence on a motion for interpleader. To take such a step would be to practically deny the relief which section 820 was intended to afford, for it would burden a party seeking its aid with the annoyance and expense which the section was intended to authorize courts to shield him from.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.