The evidence clearly shows that the defendant took plaintiff's money, leading him to believe, and to rely upon the representations, that but $950 was due, when he knew the amount was much more. The defendant knew the mortgage was a valid lien, and an incumbrance against the saloon, for goods sold, in addition to the $950, and his omission to disclose that fact when asked by plaintiff was wrong, and he should not be allowed to retain the benefit so wrongfully procured. It is not only consonant with reason and justice, but clearly settled in this state, that a vendor possessed of knowledge of latent defects in his property, proposed to be sold, cannot honestly represent to an intending purchaser that it is free from such defects. Defendant's answer to plaintiff's inquiry was a false representation. It was not necessary for plaintiff to employ a lawyer and examine the mortgage on file. He had a right to rely upon defendant's statements and accept them as true. The essential elements of the action—representations, falsity, scienter, deception, and injury—were proven, and it was error to nonsuit the plaintiff.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### FERGUSON v. ZELTNER et al.

(City Court of New York, General Term. March 16, 1896.)

Action by John S. Ferguson against Henry Zeltner and another. From an order made below, defendants appeal. Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Mortimer Stiefel, for appellants.

R. Burnham Moffatt, for respondent.

PER CURIAM. Order affirmed, with costs.

---

(16 Misc. Rep. 275.)

### MAHRO v. GREENWICH SAV. BANK.

(City Court of New York, General Term. March 16, 1896.)

1. INTERPLEADER—PETITION—STATEMENT OF FACTS.

A petition for interpleader, under Laws 1892, c. 689, § 115, authorizing such procedure "in all actions against any savings bank to recover for moneys deposited therewith, if there be any person or persons not parties to the action who claim the said fund," etc., must state the facts showing the nature of the claim asserted by the person sought to be interpleaded.

2. SAME—INSUFFICIENT PETITION.

Mere allegations that another person claims the fund, and that the bank book does not belong to plaintiff, are insufficient to support a savings bank's petition for interpleader.

Appeal from special term.

Action by Amelia Mahro, as infant, etc., against the Greenwich Savings Bank. From an order denying defendant's motion to in-

terplead another as party defendant, defendant appeals.  Affirmed.
   Argued before FITZSIMONS, P. J., and CONLAN and O'DWYER, JJ.

   Thomas F. Murtha and Jos. H. Gray, for appellant.
   H. B. Osgodby, for appellee.

   O'DWYER, J.  This is an appeal from an order denying a motion made by the defendant to interplead one Charles Mahrs as the party defendant to the action and for other relief.  The motion was denied on the ground and for the reason that the petition of the defendant did not state the grounds of the alleged claim by Charles Mahrs, and fails to show that the said Charles Mahrs makes such claim to the fund that he should be made a party defendant, or for the granting of the other relief prayed for.
   The motion was made under section 115, c. 689, Laws 1892, and it is therein provided that:

   "In all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons not parties to the action, who claim the said fund, the court in which the action is pending, may on the petition, etc., make an order amending the proceedings in the action by making such claimants parties defendant thereto."

   The petition on which the defendant moved, as far as material, is as follows:

   "That one Charles Mahrs, who is not a party to this action, has made a claim against your petitioners for the money deposited by the said Amelia Mahro, which is the same fund which this action is brought to recover, and has claimed and claims that the said money and fund belong to and are payable unto him, and has forbidden your petitioners to pay the same to any other person, and the said plaintiff in this action also claims the said money and fund as her own; that the said claims are each made without any collusion with your petitioners; that your petitioners, in making this application, are not acting in collusion with or at the request of either of the said claimants of the said money, have not been indemnified by either of them, are indifferent between them in respect to the said money, have no beneficial interest in the said money, and have no interest in the question to whom the same belongs, except to pay the same to the person to whom the same belongs; that they are ready and willing to pay the said money now standing to the credit of the said account, on production and surrender of the said passbook, and upon the said Charles Mahrs being made a party defendant to this action, to whichever of the said claimants this court shall decide the same to belong, and to keep the same on deposit to the credit of this action until final judgment in this action so amended as provided by the said section 115 of the said act.  But, by reason of such conflicting claims to the said money, your petitioners do not know, and cannot determine, without hazard to themselves, to which of the said claimants the said money belongs, or to which of them they can safely pay the same, and they cannot safely pay the said money to either of the said claimants until the said Charles Mahrs shall have been made a party to this action, and this court shall decide to which of the said claimants the said moneys belongs."

   It is clear that the defendant asks to substitute another party as defendant on the mere allegation that he claims the fund.  The petition does not state any facts showing the nature of the claim asserted by Charles Mahrs, or that the claim is not frivolous; and without such facts it is impossible to say whether such claim

creates any reasonable doubt as to which party is entitled to the fund, or that the claim has any foundation in law.

In Bank v. Yandes, 44 Hun, 59, it is held:

"The rule now is that a reasonable doubt must exist in order to justify the bringing of an action of interpleader."

And this action is cited with approval in Feldman v. Grand Lodge (Sup.) 19 N. Y. Supp. 74, where O'Brien, J., says:

"The rule is now settled that there must be some reasonable foundation for a claim asserted, to entitle defendant, while admitting its liability to have such claimants substituted by order of interpleader."

The case of Williams v. Insurance Co., 8 N. Y. St. Rep. 567, is also an authority in point. Judge Learned, delivering the opinion, said:

"There must always be a real doubt in the mind of the defendant, based upon facts, as to who has the just claim, before interpleader will be permitted."

See, also, Mars v. Bank (Sup.) 19 N. Y. Supp. 791, and the same case, again reported upon a subsequent appeal, 23 N. Y. Supp. 658.

It is suggested, in the brief of the defendant's counsel, that, if the petition is defective in not setting forth the grounds of the alleged claim of Charles Mahrs, yet such grounds do appear in the affidavit of the plaintiff, and consequently were before the court on the motion.

Plaintiff states, in her affidavit:

"That her father has no interest whatever in the fund, and he never made any such claim, to her knowledge, until a short time before the commencement of this action, when she was informed he made such claim to the officers of the bank. That on December 7, 1895, she attempted to draw some money from the said account, the defendant refused to permit her to do so, and the officers of whom she made demand told her that the bank book did not belong to her, but had been stolen. Plaintiff denied that such was the case, and later on the same day she was permitted to draw $75. On December 12, 1895, she again went to the bank to draw some money, but was refused permission to do so; the bank's officers giving as an excuse that the book had been stolen, and did not belong to her. That the pass book was issued in her name, and belongs to her, and has always been in her possession, and no other person has any just or reasonable claim to it, or the money recorded therein."

From these statements it appears that an interest in the fund is claimed by Charles Mahrs, the father of the plaintiff, but for how much thereof, or upon what ground, does not appear; also, that, upon two different occasions, when the plaintiff attempted to draw money from defendant upon her account, some officer of the bank stated that the bank book had been stolen, and did not belong to her. From whom it is claimed the book was stolen, or at what time, does not appear. The order appealed from should be affirmed, with costs.

Order affirmed, with costs. All concur.