tion of the above description of the proposed highway, it is apparent that it is fatally defective. It commenced "about twenty-five rods east of Henry Houser's residence." About 25 rods might mean 24, $24\frac{1}{2}$, $25\frac{1}{2}$, or 26 rods. It is impossible to determine. "At or near the foot of the hill." How near is not stated. "Which will pass through land owned and occupied by John H. Miller," etc. Where or on what line is not stated. The description is clearly uncertain and indefinite. From it, it would be clearly impossible to locate the proposed road. It is more indefinite than that considered in People v. Diver, 19 Hun, 263. Although that case was decided before the enactment of chapter 568, Laws 1890, we think the doctrine therein stated is applicable to the case under consideration.

Section 81, c. 568, Laws 1890, provides as follows:

"Survey. Whenever the commissioners of highways shall lay out any highway, either upon application to them or otherwise, they shall cause a survey thereof to be made, and shall incorporate the survey in an order to be signed by them, and to be filed and recorded in the office of the town clerk, who shall note the time of recording the same."

While it might not have been necessary for the commissioners in this case to literally follow the direction of section 81, supra, it is apparent that their order should have contained a survey as therein prescribed, or a description of the proposed road sufficient to locate it. We observe that in the affidavit of C. E. Wood, town clerk, he states that among the papers on file in the town clerk's office in this proceeding was a "map of the proposed road, consisting of a survey of the same." The map or survey is not contained in the case. As the survey, whatever it was, was not incorporated in the order laying out the road, or in any order made by the commissioners, and is not referred to in such order, it does not avail the respondent on this appeal.

On account of the insufficiency of the description of the proposed road in the order of the commissioners, and without considering the other question involved in the case, we conclude that the order of the county court should be reversed, with $10 costs and disbursements, and the report of the commissioner set aside, with $10 costs. All concur.

---

(19 App. Div. 609.)

### BURRITT v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

INTERPLEADER—WHEN ALLOWED.

To entitle a defendant to an order of interpleader (Code Civ. Proc. § 820), the affidavit must set out sufficient of the facts on which the adverse claim is based to show that such claim renders his position hazardous to the extent of creating a reasonable doubt.

Appeal from special term, Westchester county.

Action by Carl F. Burritt against the Press Publishing Company. From an order providing for the discharge of defendant, and the substitution of one Daniel Corcoran as the defendant, and also from an order resetting the former order, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Ralph S. Rounds, for appellant.
Ralph G. Miller, for respondent.

HATCH, J. In August, 1896, there was stolen from the office of the defendant a printed list, called "Subscription and Newsdealers' Proofs." The defendant thereupon offered a reward of $500 for information leading to the arrest and conviction of the parties engaged directly or indirectly in the theft. Thereafter, as is averred in the complaint, one John Cook furnished the defendant with information leading to the arrest and conviction of Joseph W. Meehan for the offense. The reward not being paid, Cook assigned his claim to the plaintiff, who thereupon brought this suit to recover the amount. About a month after the service of the summons and complaint, and after defendant's time to answer had been extended, the defendant moved to interplead one Daniel Corcoran in its place and stead as defendant. The moving affidavit sets out that Corcoran has made a demand upon the defendant for the reward, claiming that he furnished the informtion which led to the arrest and conviction of the offender, and this is accompanied by Corcoran's written claim to the reward, notice whereof was given by the defendant to the plaintiff's attorneys. The affidavit further states that the claim of Corcoran has been made without collusion of this defendant with either claimant; that the defendant has no interest in such controversy except to pay the money to the rightful claimant; and it therefore asked to pay the money into court, and be discharged from all liability to either person.

Section 820 of the Code of Civil Procedure, which governs applications of this character, is a substitute for the old action of interpleader, the rules of which had become fairly well settled. Modern decision as to what must be made to appear in order to entitle the party making the application to the benefit of the section is in a very inharmonious condition. It was held in the following cases, Bowery Nat. Bank v. Mayor, etc., of New York, 4 N. Y. St. Rep., 565, Dreyfus v. Casey, 52 Hun, 95, 5 N. Y. Supp. 65, and some others, not necessary to be referred to, that it was only necessary for the moving party to make plain to the court that a person not a party to the action makes a demand for the same debt without collusion with him, in order to avail himself of this provision of the Code. In the case last cited, it was said that a distinction was created between an action of interpleader and the provisions of the Code, resting upon the reason that in the former it was necessary to show that the claim interposed was substantial, and would probably be successful, while in the latter such proof was not necessary. It is quite evident that, if this basis of distinction exist in fact, then the moving papers in this case are sufficient to sustain the order appealed from. But we are unable to see the basis for any such distinction. Both the old action of interpleader and the Code provision have for their object the same result, which was to relieve a party from contesting a claim in which he had no interest; and because the practice has been simplified, which is all

that the 'Code section accomplishes, furnishes no reason for dispensing with such proof as was formerly required in order to entitle a party to relief.    A more difficult task, however, is to establish the fact that in the former action of interpleader it was essential to aver and prove that the claim interposed was substantial, and would probably be successful.    In Atkinson v. Manks, 1 Cow. 691, it was held that the essential elements of a bill of interpleader was to show (1) that two or more persons made a claim against the complainant; (2) for the same thing; (3) that the complainant has no beneficial interest in the thing claimed; (4) that determination cannot be made as to who is entitled without hazard to the complainant, and by affidavit that there was no collusion between the complainant and any of the claimants.    To this the court adds:    "It may unquestionably be denied by the answer, for the purpose of showing fraud or collusion on the part of the complainant, and, I humbly conceive, for no other purpose."    The doctrine of this case seems to leave the matter at rest upon substantially the same ground as was applied in the Dreyfus Case to the Code provision.    Such seems to have been the view of the court in Bank v. Yandes, 44 Hun, 55.    The full extent to which the pleader was required to aver in his bill of interpleader, and show upon the trial, was that he is in ignorance of the rights of the respective claimants, or that there was some doubt in fact to which party the debt belonged, so that he could not safely pay without hazard to himself.    Shaw v. Coster, 8 Paige, 339; 2 Daniell, Ch. Prac. 1561 et seq.; 3 Pom. Eq. Jur. 1322–1326.    We find no authority for holding that in such a suit it was essential to show that the claim interposed would probably be successful.    The matter seems to turn upon a solution of the question whether the claim made renders the position of the moving party hazardous to the extent of creating a reasonable doubt; and, in order to solve this question, the moving papers should establish such a case. Bank v. Yandes, supra; Mars v. Bank, 64 Hun, 424, 19 N. Y. Supp. 791; Williams v. Insurance Co., 8 N. Y. St. Rep. 567; Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Windecker v. Insurance Co., 12 App. Div. 73, 43 N. Y. Supp. 358.    It is strenuously insisted that 'Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991, is opposed to this view.    We do not so read the case.    The court there did no more than state the rule applicable to the old action of interpleader, and apply it to a case which showed a claim resting upon a reasonable foundation where a fair doubt existed.    And such also, for the most part, will be found to be the case with the other authorities cited and relied upon by the respondent.    That this rule we have announced is a correct exposition of the law is decided in Railroad Co. v. Arthur, 90 N. Y. 234–238.

Tested by this rule, the affidavit seems defective.    The most that can be claimed to be established is that Corcoran has made a claim to the award; whether well or ill founded is not made to appear by anything in the moving papers.    It is quite clear that the defendant is possessed of sufficient information upon this point to have placed before the court sufficient of the facts to create a reasonable doubt, if such facts existed.    The defendant must know from whom and under what circumstances it received the information leading to the arrest

and conviction of the offender, and is therefore able to show what connection Corcoran had, if any, with such result. No fact whatever in this connection is stated. The opposing affidavits tend to establish that Corcoran had nothing to do with the detection of the offender, or with the information resulting in his conviction, and plaintiff produces affidavits purporting to contain statements of Corcoran to that effect, and seems to have tried, if not exhausted, his remedies in an attempt to procure Corcoran's affidavit, which the latter refused to make, or to appear before a referee for examination upon that subject, although served with an order of the court and a subpœna commanding him so to do. Under such circumstances, we think that the defendant has failed to show any reasonable ground of liability to Corcoran, and that its hazard in that connection is not made to appear. The defendant ought not to be permitted to procure the substitution, it may be, of an irresponsible party, and thereby subject the plaintiff to costs of a litigation, unless he first establishes by some proof an existing right to the reward in such claimant. Williams v. Insurance Co., supra.

The orders should be reversed, with $10 costs and disbursements. All concur.