JOSEPH W. MERCHANT and Others, Appellants, *v.* NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

NETTIE M. WHITE, Respondent.

*Substitution of an alleged adopted daughter of an insured as a defendant in the place of an insurance company.*

The heirs at law of a decedent brought an action to recover upon a policy of insurance issued by the defendant upon the decedent's life. The insurance company submitted affidavits showing its willingness to pay the full amount of the policy to the person entitled thereto, and alleged that the proceeds of the policy were claimed by a third person not bearing any relation by blood or affinity to the deceased under a parol agreement made between her father and the decedent when she was about four years of age, by virtue of which she was received into the decedent's family as his daughter, and thenceforth, until her marriage, was in all respects treated by him as such daughter, and on her part rendered him the services and obedience of a daughter; that by force of the parol agreement the deceased became obligated to adopt and make her his heir at law, and that she thereupon became such heir at law or else was entitled to a specific performance of his said agreement and to an adjudication that she be deemed such an heir.

*Held*, that the claim presented raised such a reasonable doubt as to the sole right of the plaintiffs to the fund in question that the defendant was entitled to substitute the third person as defendant in its stead.

APPEAL by the plaintiffs, Joseph W. Merchant and others, from an order of the Supreme Court, made at the Broome Special Term

and entered in the office of the clerk of the county of Broome on the 16th day of November, 1900, substituting Nettie M. White as defendant in the action in the place of Northwestern Mutual Life Insurance Company.

The defendant in this action insured the life of one Morris R. Merchant for the benefit of his wife Mary in the sum of $5,000; and on her death, prior to that of the insured, such sum, upon his death, to be paid to his "heirs at law." The wife Mary died before the insured, and these plaintiffs, now claiming to be his brothers and only heirs at law, bring this action to recover from the insurance company that amount. The company, by affidavits, shows that one Nettie M. White also claims from defendant such amount as the heir at law of said deceased. It further shows that it is ready and willing to pay the full amount to whomsoever shall be adjudged to be the beneficiary entitled thereto, and it moved the court, under section 820 of the Code, to be allowed to pay such money into court, and that the said Nettie M. White be substituted as defendant in its place in this action. The motion was granted, and from the order entered thereon this appeal is taken.

*T. B. & L. M. Merchant,* for the appellants.

*Newell & Hennessey,* for the respondent insurance company.

*H. D. Messenger,* for the respondent White.

PER CURIAM:

There is no dispute between the parties hereto but that the defendant makes out a clear right to the substitution for which it asks, except in this one particular, to wit: That the grounds upon which Nettie M. White bases her claim to be an heir at law of the deceased do not present any reasonable foundation for such claim. It is not pretended that Nettie M. White bears any relation by blood or affinity to the deceased. Her claim is based entirely upon the theory that in the year 1870, when she was an infant of about four years of age, a parol agreement was made between her father and the deceased, by virtue of which she was received into the family of deceased as his daughter, and thenceforth, until her marriage, she bore his name, was introduced by him, educated, and in all respects treated by him as such daughter, and on her part rendered

him the services and obedience of a daughter; that by force of the agreement then made between her father and the deceased, the deceased became obligated to adopt and make her his heir at law, and that she thereupon became an heir at law of the deceased, or else is now entitled to a specific performance of his said agreement and to an adjudication that she be deemed such an heir. It is true that the evidence as to the precise agreement under which she was taken by the deceased into his family, and was thenceforth treated as his daughter, is quite meagre, and even if the agreement be proven to have been all that she claims it was, it is not entirely clear that she would then have established her right to the fund in question. Upon those claims we do not now give any opinion, but we are of the opinion that the claim so presented raises such a reasonable doubt as to the sole right of the plaintiffs to the fund in question that the defendant is entitled to the substitution which it asks. The parties do not dispute the rule of law which controls in such cases. They both state it as it is laid down in *Burritt* v. *Press Publishing Co.* (19 App. Div. 609) and *Crane* v. *McDonald* (118 N. Y. 655), and we think that under the rule, as there given, the order appealed from was properly granted. As was said in the latter case, it was not necessary for the defendant "to decide at his peril either close questions of fact or nice questions of law, but it was sufficient if there was a reasonable doubt as to which claimant the debt belonged." Here a case is presented that evidently should not be decided upon affidavits alone. Such an examination of the evidence as can only be had upon a trial is required to settle the questions of fact and a careful consideration of the agreement, if any, and of the intent of the parties, is necessary to determine the rights of the several parties under the law.

The order must, therefore, be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.