WENSTROM ELECTRIC COMPANY, Respondent, v. CHARLES H. BLOOMER and Others, Defendants; BENJAMIN N. PAYNE and Another, Appellants.

*Right to bring an action of interpleader — relief under section 820 of the Code of Civil Procedure.*

In order to entitle a party to interplead claimants to property in his possession he must be exposed to danger, vexation and loss from conflicting independent claims to the same thing, of which he is the holder, as well as from claims that are dependent.

The facts essential to the maintenance of an action of interpleader are that two or more persons have a claim against the plaintiff; that they claim the same thing; that the plaintiff has no interest in the thing claimed, and that he cannot determine, without hazard to himself, to which of such persons the thing claimed belongs, and further, that there is no collusion between him and any of the parties, and that he is prepared to bring the money or thing claimed into court.

Section 820 of the Code of Civil Procedure, providing for motions to be made for interpleader, was intended to prevent the cumbersome procedure by action, and substitute that by motion, and none but a stakeholder can obtain relief under such section of the Code which recognizes the same rule which has prevailed in actions of interpleader.

APPEAL by the defendants, Benjamin N. Payne and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of January, 1895, continuing during the pendency of the action a temporary injunction and enjoining and restraining the defendants from in any way interfering with or attempting to collect or receive or pay over a certain fund in the hands of the defendant Noble, or from taking any proceedings at law or in equity in connection with said fund, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term on the 21st day of December, 1894, and entered in said clerk's office, granting a temporary injunction.

*Franklin Pierce*, for the appellants.

*Reginald H. Arnold* and *G. W. Miner*, for the respondent.

VAN BRUNT, P. J. :

The defendants, Charles H. Bloomer, Walter C. Bloomer and Nathan Bushnell, were electrical contractors, doing business under

the firm name of Bloomer Bros. & Co., and on the 28th of February, 1894, they entered into a contract with one William Noble, who was then engaged in erecting the Hotel Empire in the city of New York, for the construction and erection by them of an electric light plant in said hotel, the terms of payment to be eighty-five per cent of the value of the work done and materials furnished each month as the work progressed, the final payment to be made on the completion of the work by the promissory note of said Noble, payable in ninety days. On the 30th of March, 1894, the plaintiff entered into a contract with Bloomer Bros. & Co. for the furnishing of certain dynamos for this work. It agreed to deliver the dynamos F. O. B. cars New York city, for the sum of $1,500; terms of payment to be one-third on the successful starting of the plant, and the balance by three months' note of Mr. Noble, indorsed by Bloomer Bros. & Co.; the title and ownership of the dynamos to remain in the plaintiff until paid for.

In July, 1894, the firm of Payne & Sons sold to Bloomer Bros. & Co., engines to be placed in said hotel, but, as they alleged, they would not part with their property until they had obtained some security therefor; and accordingly on the 1st of August, 1894, Bloomer Bros. & Co. entered into an agreement with said Payne & Sons, whereby Bloomer Bros. & Co. assigned to said Payne & Sons the balance due under their contract with Noble, and whereby they authorized said Payne & Sons to receive said balance, and to give a receipt and acquittals thereof in their firm name. On the 2d of August, 1894, Noble acknowledged the receipt of the information in respect to the assignment, and in writing accepted the order, and promised to pay to them the balance due to Bloomer Bros. & Co., making such payments in accordance with said contract. There-after, and on the eleventh of October, the said Bloomer Bros. & Co. gave an order for $660 to one Winthrop G. Bushnell, the brother of one of the members of the firm, which they claim to be due from the defendant Noble on said contract. The complaint alleges that the defendant Bloomer Bros. & Co. was insolvent, and that the alleged orders to Payne & Sons and Bushnell were given in fraud of the rights of the plaintiff, and that Payne and Bushnell were endeavoring to collect the same balance or so much thereof as their respective claims amounted to, and the plaintiff was also

endeavoring to collect its claim from said Noble out of said balance, and that Noble was ready to pay said balance into court according to the terms of his contract, and refused to pay the same or any part thereof, or give any note therefor to any of the parties thereto until ordered and directed by the court; and, further, that if said Noble was allowed to pay the .same to the defendant Bloomer Bros. & Co., with whom he made said contract, the plaintiff and all other claimants to said fund would be unable to collect any part of their respective claims out of said fund or from Bloomer Bros. & Co.

Application was made on these facts for a temporary injunction, which was granted, and, upon motion, the same was made permanent during the pendency of the action, and from the order thereupon entered this appeal was taken.

It is claimed upon the part of the plaintiff that this is an action of interpleader and that it may be brought by the plaintiff instead of the defendant Noble. No authority for this proposition has been cited, and it seems to be at variance with the practice which existed in the Court of Errors and has continued down to the present time. In order to entitle a party to interpleader he must be exposed to danger, vexation and loss from conflicting independent claims to the same thing, of which he is the holder, as well as from claims that are dependent. The facts essential to maintain the action of interpleader are, that two or more persons have a claim against the plaintiff, that they claim the same thing, that the plaintiff has no interest in the thing claimed, and that he cannot determine, without hazard to himself, to which of such persons the thing belongs, and, further, that there is no collusion between him and any of the parties, and that he will bring the money or thing claimed into court. These rules have been recognized in the case of *Crane* v. *McDonald* (118 N. Y. 648), and also in the case of *Schell* v. *Lowe* (75 Hun, 43), in which case the similarity between motions made under section 820 of the Code of Civil Procedure for interpleader and actions of the same nature is adverted to. The section of the Code was intended to prevent the cumbersome procedure by action, and substitute that by motion; and it is apparent that none but a stakeholder can obtain the relief under the section of the Code, recognizing the rule which had prevailed in actions of interpleader.

There is not the slightest intimation that Noble is not able to

respond to all of these claims, and he is not before the court asking for relief or bringing the fund into court.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for injunction denied, with ten dollars costs.

O'Brien, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.