Margaret McCabe, Respondent, v. Michael McCabe, Individually and as Administrator, etc., of John McCabe, Deceased, Appellant, Impleaded with John Hancock Mutual Life Insurance Company of Boston, Mass.

*Life insurance policy — in an action thereon against the life insurance company, a third person claiming to be entitled to the life insurance money is not a proper party defendant.*

The complaint in an action brought to recover upon two polices of life insurance issued by the defendant insurance company upon the life of John McCabe (a brother of the plaintiff's husband, Francis McCabe) alleged that Michael McCabe was the beneficiary originally designated in one of the policies, and that the personal representatives of John McCabe were the beneficiaries originally designated in the other policy, and that, pursuant to the terms of the policies, the plaintiff had been substituted as the beneficiary under each of them. It further alleged that the insured had died and that the defendant refused to pay the amount of such policies to the plaintiff. Michael McCabe was made a party to the action both individually and as administrator of John McCabe. With respect to the first-mentioned policy the complaint alleged that the defendant, Michael McCabe, "claimed a right or interest in said above-described policy adverse to this plaintiff, and has claimed to be entitled to payment thereof as the beneficiary originally designated, and has demanded payment thereof to him from said defendant company, and has induced said company to withhold payment thereof from plaintiff, and has disputed plaintiff's right thereto as such beneficiary as hereinabove shown," and that in order to prevent a multiplicity of suits the plaintiff desired the court, sitting as a court of equity, to determine the rights of the parties.

With respect to the other policy it alleged that Michael McCabe claimed said funds as the administrator of the estate of John McCabe and had induced the defendant company to withhold payment thereof.

Judgment was demanded that the plaintiff be declared to be the sole beneficiary in the two policies, and that she recover the amount thereof from the defendant insurance company, and that Michael McCabe be declared to have no claim upon the moneys due under the policies.

*Held*, that the complaint did not state a cause of action against Michael McCabe either individually or as administrator;

That Michael McCabe, either individually or as the administrator of John McCabe, was not a necessary party to the determination of any question at issue between the plaintiff and the insurance company and could not be affected by any judgment rendered upon such question;

That the action was one at law and could not be maintained as one of interpleader;

That section 447 of the Code of Civil Procedure, which provides that any person may be made a defendant who has, or claims, an interest in the controversy

adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein, did not authorize the plaintiff to make Michael McCabe a party defendant.

O'BRIEN, J., dissented.

APPEAL by the defendant, Michael McCabe, individually and as administrator, etc., of John McCabe, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of May, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling said defendant's demurrer to the complaint.

*Martin Paskusz,* for the appellant.

*Peter Condon,* for the respondent.

HATCH, J. :

The action is brought to recover upon two certain policies of life insurance issued by the defendant insurance company upon the life of John McCabe. The complaint avers two separate causes of action, one upon each policy. For the first cause of action the plaintiff avers that she is the widow of one Francis McCabe; that the insured John McCabe and Michael McCabe were brothers of plaintiff's deceased husband; that the defendant insurance company is a corporation duly organized and carrying on the business of life insurance in the city of New York, having its head office in Boston, in the State of Massachusetts; that on or about February 27, 1895, the defendant insurance company duly made, issued and delivered to John McCabe a policy of insurance on his life, by the terms of which the said insurance company undertook and agreed to pay to the beneficiary therein named the sum of $500 within twenty-four hours after satisfactory proof of the death of said insured was presented to the insurance company; that in and by the application for said insurance and upon which the said policy was issued, the defendant Michael McCabe was designated as the beneficiary thereunder, subject, however, to the conditions and terms of the said policy of insurance, of the right of the insured to change the beneficiary therein named, with the consent of the company, upon compliance with the conditions specified by said company; that there-

after and in and about the month of May, 1899, by and with the consent of the said insurance company, the insured duly changed the beneficiary named in said policy of insurance and duly appointed, designated and constituted the plaintiff as beneficiary under said policy, in the place and stead and to the exclusion of the said Michael McCabe, and thereafter the said insured gave and delivered to the plaintiff said policy of insurance and a pass book which accompanied the same, evidencing the payment of the premiums due thereon, to the plaintiff as such substituted beneficiary, and that the plaintiff has continued to hold the same until surrendered by her to the defendant company, after the decease of the insured. The complaint further avers that the insured during his lifetime complied with all the terms and conditions of the policy and paid the premium reserved thereby, and that the policy continued to be and remained in force at the date of the death of the insured, who departed this life on the 24th day of September, 1899.

It is further averred that upon the decease of the insured, the plaintiff, as beneficiary in the policy, lodged with the said company satisfactory proof of the death of the insured, and delivered to said company the pass book and policy of insurance, and demanded payment of the sums secured to be paid thereby; that the defendant refused to comply with such demand and still omits and refuses to pay; and that by reason of the premises the plaintiff became entitled to be paid the full sum of $500 on or about the 8th day of October, 1899.

The complaint further avers that on or about the last-named date the defendant Michael McCabe " claimed a right or interest in said above-described policy adverse to this plaintiff, and has claimed to be entitled to payment thereof as the beneficiary originally designated, and has demanded payment thereof to him from said defendant company, and has induced said company to withhold payment thereof from plaintiff, and has disputed plaintiff's right thereto as such beneficiary as hereinabove shown." The complaint further avers that, as plaintiff is advised and believes, the said claims and demands of Michael McCabe are wrongful and without merit or support in fact or as matter of law and ought not to be allowed; that in order to prevent a multiplicity of suits, the plaintiff desires this court, sitting as a court of equity, to determine the rights of

the parties herein, to the end that judgment may be awarded in favor of the plaintiff and against the defendant.

The second cause of action averred in the complaint is in all substantial respects the same as that set out in the first cause of action, except that the policy of insurance therein averred to have been delivered by the defendant insurance company to the said John McCabe was so issued on or about the 4th day of September, 1895, and in the application and policy the beneficiaries designated were the legal representatives of the estate of said insured. The policy was for the same amount as the first. The complaint then avers a change in beneficiary in like manner as in the first cause of action, and the plaintiff's being designated in the place and stead of the legal representative of the insured, and further alleges compliance with the terms of the policy, the death of the insured, the demand for payment and refusal. The complaint further alleges that Michael McCabe claims said fund as the administrator of the estate of the deceased, and has induced the defendant company to withhold payment. The relation of Michael McCabe and his claims are averred in practically the same language as in the first cause of action.

The complaint prays judgment that the plaintiff be declared to be the sole beneficiary in the said two policies of insurance, and alone entitled to payment from the said defendant insurance company, and that she recover from said company the sum of $1,000, with interest from October 7, 1899, and that the defendant Michael McCabe, individually and as administrator of John McCabe, be declared to have no right, interest in or claim upon the moneys due on said policies, and that he be excluded from all right or interest therein, and for such other judgment or relief as may be proper.

The defendant Michael McCabe, both individually and as administrator, demurs to both causes of action upon the ground that it does not state facts sufficient to constitute a cause of action against him, either individually or as administrator. It is evident from the averments of the complaint that the plaintiff has sought to set up some facts entitling her to equitable relief, and the prayer of the complaint in some respects seeks the same result. The cause of action, however, in every essential respect, is one of law. The instruments sued upon constitute a contract between the insurance company and

the beneficiary for the payment of a sum of money, and nothing else. So far as is disclosed by the averments of the complaint, the plaintiff's right to recover is entirely independent of any claim which the demurring defendant is shown to make. His presence is not at all necessary for a determination of the entire controversy between the plaintiff and the insurance company. If by the terms of the contract of insurance she shows herself entitled to recover, it is of no consequence to her what the claims of the demurring defendant may be, and such is the only issue between the plaintiff and the defendant insurance company which can be litigated or determined as between them; that issue is one of law, and is for the recovery of money solely. The insurance company, so far as this action is concerned, is not interested in the slightest degree as to the respective rights of the plaintiff and the other defendant, nor is the demurring defendant a necessary party in determination of any point at issue between the plaintiff and the insurance company. Nor can the demurring defendant be at all affected by any judgment which may pass either for or against the plaintiff, whatever his rights may be.

If the insurance company be able to establish that the plaintiff is not entitled to recover against it, it would follow that it would have no interest whatever in the respective claims of the plaintiff and the demurring defendant. Indeed, such claim would then become entirely immaterial as between any of the parties to the action, for if the plaintiff failed to show a right to recover against the insurance company, it would make no difference what the merits of the claim might be as between the other parties, for the reason that its determination could affect no right of the plaintiff, as she would then be without interest in the premises, and there would be neither money nor contract which could be made the subject of litigation between these parties. If the plaintiff should establish a right to recover, the insurance company would not have the slightest interest in the determination of the adverse claim of the other party. Under such circumstances, there would be an incongruity in the order of the trial: *First*, a determination of the legal rights of the plaintiff against the insurance company; and then, dependent upon the contingency of the plaintiff's recovery, a litigation respecting the dis-

position of the funds secured by the judgment; and this in turn would become immaterial and useless if no judgment was recovered.

This action cannot be maintained as one of interpleader. The insurance company, doubtless, would have the right, if it admitted liability on the policy, to apply for leave to pay the fund into court and allow the parties to contest their respective rights thereto; but here there is no fund, and the defendant has denied its liability by refusing to pay. Under such circumstances, there would be no basis for interpleader, even upon the motion of the defendant; and the averment of equitable matter by the plaintiff cannot change the action into one of interpleader nor constitute the same an equitable action. As before observed, the right of the plaintiff to recover rests in contract, and its enforcement constitutes it an action at law, wherein interpleaded parties, in whatever form they appear, are not essential to a determination of the rights thereunder.

It is claimed, however, that the right to bring in the defendant McCabe is given by section 447 of the Code of Civil Procedure. It is provided by this section, among other things, that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein. It is evident that this section furnishes no authority for the attempted joinder of the defendant McCabe. He has no claim or interest in the controversy between the plaintiff and the defendant company, nor is his presence necessary for the settlement of any question involved therein. If this plaintiff has an enforcible contract against the insurance company, the defendant clearly has no interest in it, as he is not a party to it, nor can he be affected by the determination. As between these parties, a complete determination may be had of the liability, if any, existing against the insurance company by virtue of the contract, without the presence of the defendant McCabe. Indeed, it is clear from the averments of the complaint that the defendant McCabe can have no possible interest in such question. His claim, whatever it be, is entirely independent of the right of this plaintiff to enforce the contract which forms the basis of her action. It is only where the person exists whose rights must be ascertained and settled before the rights of the parties to the suit can be determined that the person becomes a necessary

party in an action at law. It is not of the slightest consequence to this plaintiff whose money it is that is involved, if it does not belong to her; and in that matter the defendant McCabe has not the slightest interest, nor are his rights the subject of investigation under the contracts. (*Chapman* v. *Forbes*, 123 N. Y. 532.) In equitable actions the rule is different. Therein a person is a proper party who claims some interest in the subject-matter of the action. (*Mahr* v. *N. U. F. Ins. Society*, 127 N. Y. 452.) All of the cases relied upon by the plaintiff were equitable actions, and the rule was properly applied, but in the present case the action is one at law, and the facts averred, which form whatever basis exists for equitable relief, are insufficient to change the character of the action, which in every essential feature is solely for the recovery of money due on contract.

It follows that the interlocutory judgment should be reversed, and the demurrer of the defendant McCabe should be sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

VAN BRUNT, P. J., INGRAHAM and McLAUGHLIN, JJ., concurred; O'BRIEN, J., dissented.

Judgment reversed, with costs, and demurrer of defendant McCabe sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.