(39 Misc. Rep. 25.)

HASBERG v. MOSES et al.

(Supreme Court, Special Term, New York County. October, 1902.)

1. CONFLICTING CLAIMS TO PERSONALTY—ACTION TO DETERMINE.

    Plaintiff alleged herself to be the sole child and administratrix of the decedent; that he was insured in a solvent company, which was willing to pay the amount of the policy, provided plaintiff and defendant would receipt for the money; that defendant refused to sign, and claimed an assignment of the policy to him; that any such assignment was void or

discharged; and prayed for general relief. *Held* to state a cause of action against such defendant maintainable as one to determine conflicting claims.

Action by Estelle Hasberg against Max Moses and the Mutual Life Insurance Company. Demurrer to complaint. Overruled.

Edward W. S. Johnston, for plaintiff.
Benno Loewy, for defendant Moses.

SCOTT, J. This is an action to determine conflicting claims to the proceeds of an insurance policy upon the life of Emanuel Popper, deceased. It is alleged that Popper took out a policy of insurance payable upon his death to his executors, administrators, or assigns within 60 days after notice and proofs of death; that Popper died in May, 1902, and thereafter the plaintiff furnished the insurance company with due proofs of death, and said company received such proofs, and ordered the amount of the policy paid, and notified plaintiff that it was ready, able, and willing to pay, and would pay, the amount of said policy, with the additions thereon, upon receiving a receipt to be signed by the plaintiff and the defendant Moses; that the plaintiff is the only child, next of kin, and heir at law of said Emanuel Popper and the sole administratrix of his estate; that the plaintiff has applied to the defendant Moses to sign a receipt, but said defendant has refused to sign the same, asserting both to the insurance company and to plaintiff a claim that he is entitled to receive the amount of the policy, alleging that the said Popper had during his lifetime assigned said policy to him, the said Moses. The plaintiff avers her ignorance of any such assignment, and alleges that if it was ever executed by Popper it was executed under such circumstances as would render it void, or was given as security for an indebtedness which has been fully paid and discharged. The defendant Moses demurs upon the ground that as to him the complaint does not state facts sufficient to constitute a cause of action. It is evident that the action is one to determine conflicting claims to a fund which, if not actually in court, is acknowledged to be due by a solvent company which expresses its instant willingness to pay the amount due upon the policy so soon as it be determined to whom payment ought to be made. It is well settled that neither the nature of the action nor the sufficiency of the allegations embraced in the complaint is absolutely determined by the prayer for relief, especially where, as in the present case, there is a general prayer for such relief as the plaintiff may be entitled to. The demurring defendant bases his contention upon the recent case of McCabe v. McCabe, 67 App. Div. 589, 73 N. Y. Supp. 852, which was an action somewhat similar to the present. If the facts were identical, that case would be a controlling authority. There is, however, an important difference, in that in the McCabe Case the complaint showed a demand upon the insurance company and its refusal to pay, whereas in the present case in the complaint, which for the purposes of the demurrer must be taken as true, it is al-

leged that the company is ready and willing to pay. That this difference in the allegations as to the attitude of the company is significant appears from the opinion of the appellate division in the McCabe Case, wherein it is said: "The insurance company doubtless would have the right, if it admitted liability on the policy, to apply for leave to pay the fund into court and allow the parties to contest their respective rights thereto; but here there is no fund, and the defendant has denied its liability by refusing to pay." In the present case the company does admit its liability upon the policy, and there is a fund. If the plaintiff had sued the company alone, it could, and doubtless would, have followed the course suggested by the appellate division in the McCabe Case, and it would doubtless pursue the same course if this demurrer should be sustained so that it was left the sole defendant in the action. The plaintiff would then be called upon to bring in the defendant Moses, and the controversy between them would be precisely where it is under the present pleading. It is not necessary to go through all this circumlocution to bring the parties back where they now are. The demurrer must be overruled, with costs, with leave to the defendant to withdraw the demurrer and answer over within 20 days on payment of costs.

Demurrer overruled, with costs, with leave to withdraw demurrer and answer over within 20 days on payment of costs.