swer to that proposition to say that that was a privilege which he had, and not a duty that he owed.

It is further claimed that the defendant never exercised his right of rejection of any materials or workmanship deemed by him to be improperly performed, and not in accordance with the drawings and specifications. On the contrary, the evidence shows that he has distinctly objected and pointed out to the contractor the defects which he claimed to exist in this work, and the contractor in no way attempted to remedy the defects. The fact that the work was done under the defendant's supervision is not of the slightest consequence, because he never accepted the work. When the time came for him to decide upon this proposition, he rejected the work, and refused to make the payments therefor, and called the plaintiff's attention to the defects which existed therein. It is difficult to see what more the defendant could do than he has done, except to abandon his own premises, which the law has not as yet required. The evidence shows, as admitted by the learned trial court, that the material was not of the character, or put in in the manner, required by the contract; but because the defendant's tenant went into the premises, and did not find any fault, therefore the defendant is to pay for a character of work for which he did not contract, and which he did not want. It was clearly error to allow evidence to be introduced as to what the tenant did, or as to the fact that the defendant had rented the premises, and that the tenant had gone into possession. It may very well be that the defendant, rather than stand a suit by the tenant, permitted him to go into possession of the premises, although the work did not comply with the contract; and the tenant may have been in such a position in regard to his necessities as to a place of business that he accepted what he could get, rather than be without the accommodation which it was necessary for him to have. But it is well established that the fact of taking possession of work done upon one's own premises is no evidence of acceptance. A contractor cannot, by doing inferior work, exclude an owner from taking possession of his own.

We think that upon the findings of the court it appears that there never was a substantial compliance with this contract, and the evidence shows, and the opinion of the court concedes, that there never was an attempt upon the part of the plaintiff to comply with its terms.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.

---

HASBERG v. MUTUAL LIFE INS. CO. et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. ACTION—PARTIES—LIFE POLICY—ASSIGNMENT.
    Decedent had assigned a life policy to defendant M. Plaintiff, his heir, and administratrix, alleged that the assignment was fraudulently obtained without consideration, or was made to secure a loan which has been paid; that the insurance company was ready to pay the amount of the policy, but demanded the receipt of M., which he refused to give,

claiming the entire amount for himself; and demanded judgment that M. has no interest in or lien on the policy, and that the company pay the sum to her. Code Civ. Proc. § 452, provides that, when a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. *Held*, that M. was properly made a party.

2. SAME—PLEADING—ALTERNATIVE ALLEGATIONS.

The averment in the alternative that the assignment to M. was wrongfully obtained without consideration, or was made as security for a loan, did not make the pleading bad.

8. SAME—DEMURRER—MOTION TO MAKE CERTAIN.

When, by reason of allegations in the complaint in the alternative, the defendant is left in uncertainty, the remedy is by motion to make definite and certain, and not by demurrer.

Appeal from Special Term, New York county.

Action by Estelle Hasberg, as administratrix of the estate of Emanual Popper, deceased, against the Mutual Life Insurance Company of New York and Max Moses. From a judgment (78 N. Y. Supp. 751) overruling the demurrer of the defendant Moses to the complaint, he appeals. Affirmed.

The complaint avers that the defendant the Mutual Life Insurance Company of New York is a domestic corporation, having an office in the city of New York, and is engaged in the business of life insurance; that the said company issued a policy of insurance upon the life of Emanual Popper for the sum of $3,000; that the said Emanual Popper died intestate, a resident of the city of New York, on the 5th day of May, 1902, and this plaintiff, who is the only heir at law and next of kin of said deceased, was duly appointed administratrix of his estate, and is the only person entitled to such insurance; that due proofs of the death of said intestate were furnished to the defendant company, and said company admits that there is now due upon the said policy of insurance issued upon the life of said intestate $3,969, and the said defendant company notified this plaintiff that said sum was justly due, and that it was ready and willing to pay the same upon receiving a death claim receipt signed by the plaintiff and one Max Moses; that the plaintiff has applied to the said defendant Max Moses to sign such a death claim receipt, as demanded by the defendant insurance company, but that he refuses to sign the same, and has asserted and claimed to plaintiff and to the defendant insurance company that he is entitled to receive the whole of said amount due upon said policy, or some part or portion thereof, by reason of an alleged assignment by said Emanual Popper, deceased, during his lifetime, to the said defendant Max Moses, and the said defendant Moses has alleged, asserted, and claimed that the said Emanual Popper in his lifetime assigned to him the said policy of insurance. The plaintiff then avers that she has no knowledge of any such assignment, and alleges that, if ever such an assignment was executed by the said deceased, it was procured to be executed through force and fraud by the said Max Moses, who is an attorney and counselor at law of the state of New York, and was attorney for said deceased during his lifetime; and that, if any such assignment was executed by the said deceased, he never knew its force and effect, and it was merely intended by said deceased to place the said policy of insurance as collateral security for a loan of $700, and upon repayment of the said $700 by the said Emanual Popper, his executors, administrators, or assigns, that the said Max Moses would reassign said policy of insurance to the said Emanual Popper, his heirs, executors, administrators, or assigns; and that the said Emanual Popper fully performed the requirements of said agreement, and repaid to the said Max Moses the said sum of $700, but the said Max Moses failed and refused to perform his part of said agreement, and failed, neglected, and refused to assign said policy back to the said Emanual Popper; and, in any event, the said Max Moses is not entitled to receive from the defendant insurance

company the amount due upon said policy of insurance, or any part thereof. Wherefore the plaintiff demands judgment adjudging and decreeing that this plaintiff is entitled to the said sum of $3,969, with any accrued interest thereon, from the said defendant insurance company, and that the said defendant Max Moses has no lien upon the said sum, or upon the said policy of insurance, or any part thereof; and that it be adjudged and decreed that the said Mutual Life Insurance Company of New York pay to this plaintiff the said sum of $3,969, with any accrued interest thereon; and for such other and further relief as to the court may seem just and equitable, together with costs and disbursements against the defendant Max Moses. The defendant Moses interposed a demurrer to the complaint, which demurrer the court below overruled, permitting the defendant to answer upon the payment of the costs of the demurrer, and from the judgment entered thereon this appeal is taken.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and HATCH, JJ.

Benno Loewy, for appellant.
Edward W. S. Johnston, for respondent.

HATCH, J. We are assured by the learned counsel for the appellant that he interposed his demurrer to the complaint in this action upon a decision of this court as expressed in McCabe v. McCabe, 67 App. Div. 589, 73 N. Y. Supp. 852, and that the learned court at Special Term entirely misapprehended the force and effect of such decision in overruling the demurrer interposed in the present action.

We have reached the conclusion that the learned counsel has misapprehended the effect of our decision in the McCabe Case. Therein we held that the complaint in all its essential features was an action at law to recover a sum of money based upon contract; and that the demurring defendant, who was brought into the action, was not shown to be possessed of any claim adverse to the plaintiff therein, nor was his presence necessary for the settlement of any question which determined her right to recover upon the policy of insurance which was the subject of the action. It seemed clear to us that the plaintiff therein must stand or fall upon her right to recover of the defendant insurance company, quite independent of any claim made by the demurring defendant therein. Consequently, we held that he was not a necessary party to the determination of any question which was presented by the issues raised between the plaintiff and the insurance company. Nearly all of the elements which we deemed essential to make an action in equity instead of an action at law were absent from the complaint in that action.

In the present case the facts averred in the complaint clearly call for the application of a different rule. In the McCabe Case the defendant insurance company denied liability upon the policy of insurance, the subject of the action. Here the defendant insurance company admits liability to pay the amount secured to be paid by the policy, and holds the fund for that purpose, standing indifferent as to the party entitled thereto. In the McCabe Case the right of the plaintiff to recover rested upon the contract of insurance, and that alone. In the present case the right of the plaintiff to recover depends not upon such contract, which is admittedly valid, but upon the fact as to whether

the demurring defendant has title to such fund as against the plaintiff. It is shown by the complaint that he claims to be entitled to this fund by virtue of an assignment from the insured during his lifetime. It is, therefore, evident that the plaintiff, in order to recover, must successfully meet this claim; otherwise she has no interest in the fund. Such fact is not a dispute between the plaintiff and defendant insurance company, but is an issue solely between the plaintiff and the demurring defendant. It necessarily follows that, if such defendant has an assignment of this policy of insurance, which is valid, he then becomes entitled to have and receive this fund. His right thereto came into being prior to the time when the plaintiff's right accrued, if she have any right at all. The assignment, if it exists, must have been executed by the insured prior to his death, and, if valid, vested in the demurring defendant title to the moneys secured to be paid by the policy when the contingency happened upon which payment depended. Plaintiff's right could not accrue until the insured had deceased. Consequently, as the insurance company admits liability, the only obstacle which stands in the way of plaintiff's right to recover is the assignment held by the demurring defendant. Instead, therefore, of its being a contest between the insurance company and the plaintiff, the contest has become one between the demurring defendant and the plaintiff. She is not entitled to have and receive this fund until such time as she has shown a superior right to that held by Moses. She must show facts sufficient upon which to base a superior claim to that acquired by the assignment which Moses holds, or she must fail in her action. It is evident, therefore, that the issue presented by this pleading as to who is entitled to the fund is between the plaintiff and Moses, and no one else. The defendant insurance company insisted upon a delivery of Moses' receipt, not because it disputed liability under the policy, but for the reason that Moses holds an apparent title thereto; and the insurance company, therefore, could not pay the plaintiff or Moses without the hazard of being required to pay twice upon the same instrument, unless such receipt was delivered, or the plaintiff relinquished her claim in its favor. In the McCabe Case the plaintiff's right to recover was dependent upon the plaintiff's establishing the liability of the defendant insurance company. In the present case the plaintiff's right to recover is dependent upon her ability to defeat the claim of Moses. It is evident, therefore, that the presence of Moses is absolutely essential to a determination of plaintiff's rights in the premises.

While the plaintiff has not, in terms, demanded in her complaint that Moses be compelled to cancel and surrender the assignment which he holds, yet she has asked that it be adjudged that he has no lien upon the fund, nor interest therein, nor any lien upon, interest, or claim in the policy, and, further, that the plaintiff have such other relief as may be just and proper. And as it appears by the averments of the complaint what the claim of Moses is, the case is brought within section 452 of the Code of Civil Procedure; for from the facts averred it appears that a complete determination of the controversy cannot be had without the presence of Moses. Under such circumstances he is properly made a party, and the relief asked is clearly equitable. Mahr v. N. U. F. Insurance Society,

127 N. Y. 452, 28 N. E. 391. Every essential element is stated in the complaint to maintain an action of interpleader at common law. The essential elements of such a bill were: (1) That two or more persons made a claim against the complainant; (2) for the same thing; (3) that the complainant has no beneficial interest in the thing claimed; (4) that determination cannot be made as to who is entitled without hazard to the complainant; and by affidavit that there was no collusion between the complainant and any of the claimants. Atkinson v. Manks, 1 Cow. 691.

Eliminating the consideration of collusion, a complete case for interpleader is presented by the complaint. Such actions are equitable in their character, and the plaintiff may avail himself of such facts to maintain an equitable action where the determination of conflicting claims is essential in order to enable him to recover the fund. The facts would also support a motion for interpleader under the provisions of section 820 of the Code of Civil Procedure. Burritt v. Press Pub. Co., 19 App. Div. 609, 46 N. Y. Supp. 295; Stevenson v. N. Y. Life Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964. The learned court at Special Term was, therefore, correct in holding that the complaint was equitable in character; that Moses was an essential and necessary party in determining title to the fund; and that McCabe v. McCabe, supra, was not an authority against such conclusion. On the contrary, when correctly construed, it becomes an authority in support of the plaintiff's contention.

Criticism is further made of the seventh paragraph of the complaint that the averments therein are inconsistent, in that they charge that the assignment held by Moses was wrongfully and unlawfully procured from the insured by force, or without consideration, or without having disclosed its real nature or character, or what the insured was about to execute, or that he received it as collateral security for the payment of a loan, claimed to have been made by the defendant Moses to the insured, and other alternative averments. Because the pleading states facts for relief in an alternative form does not make it bad, if any one of such averments would be sufficient upon which to found the relief asked for in the complaint. Pittsfield Nat. Bank v. Tailer, 60 Hun, 130, 14 N. Y. Supp. 557; Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407.

Mr. Abbott, in his note to Munn v. Cook, 24 Abb. N. C. 314, 8 N. Y. Supp. 698, very clearly states the rule governing such cases:

"As before explained, there is a class of cases in which, for no fault of his own, and usually by fault of the defendant, the plaintiff does not know which of two absolutely inconsistent grounds he may succeed in proving, either of which will entitle him to recover; as in the case of fraud or mistake, or a case of suspected agency for an undisclosed principal. If it is important to plaintiff's policy, as it usually is, especially in such classes of cases, to obtain a sworn answer, he must make a sworn complaint; and he cannot, even on information and belief, swear to inconsistent facts. Therefore he cannot state such inconsistent grounds of recovery in separate causes of action, each alleged without qualification. He must state them, if at all, in a single cause of action, and in the alternative. A rule which allows plaintiff to state essential allegations in the alternative is obviously capable of much abuse, because by multiplying alternatives he may leave the defendant quite in the dark as to the facts the latter must be prepared

to meet. But within limits which will exclude such abuses, the right of the plaintiff to allege alternative grounds is now recognized by the highest authority, and is not without sanction in the lower courts and courts of other jurisdictions." Pages 332, 333, 24 Abb. N. C. (s. c. 8 N. Y. Supp. 698).

Averments in this form are not the subject of demurrer. The remedy, if they are so uncertain as to leave the adverse party in the dark in respect to that with which he is charged, is by motion to make the pleading more definite and certain. Marie v. Garrison, 83 N. Y. 14; Scheu v. N. Y. L. & W. R. R. Co., 12 N. Y. St. Rep. 99, and cases cited. There is little difficulty in the way of giving force and effect to this rule of pleading, and protecting at the same time the adverse party against any abuse which may arise therefrom.

These views lead to the conclusion that the demurrer to the complaint was properly overruled. It follows that the interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer, and answer over within 20 days on payment of costs in this court and in the court below. All concur; O'BRIEN, J., in result.