BROWN v. ARBOGAST & BASTIAN CO. et al.   (No. 5850.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

1. PARTIES (§ 29*)—NECESSARY PARTIES.
    Where a complaint alleged that plaintiff was the owner of a certificate of stock in the defendant corporation which was in the possession of such corporation, that the A. company asserted a right to the possession thereof, by virtue of a pledge to secure a loan which had been paid, but had no right, title, or interest, claim, or lien, that the corporation was unable to determine without hazard to itself which of the claimants was entitled to the stock, and that plaintiff had no adequate remedy at law, and demanded judgment adjudging that the corporation had no interest in the stock, that the A. company had no special or other property therein, and that plaintiff was entitled to the immediate delivery thereof by the corporation, the A. company was not a necessary party, and the complaint stated no cause of action against it, whether the action was one at law or in equity.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 41, 47–49, 51; Dec. Dig. § 29.*]

2. INTERPLEADER (§ 23*)—PLEADING—NEGATIVING ADEQUATE REMEDY AT LAW. LAW.
    In an action against a corporation to recover the possession of a certificate of stock in such corporation which was in its possession, an allegation that plaintiff had no adequate remedy at law could avail her nothing, as it was manifest that she had an adequate remedy by replevin or action for conversion.
    [Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 47, 51; Dec. Dig. § 23.*]

3. INTERPLEADER (§ 8*)—RIGHT TO INTERPLEAD—STATUTORY PROVISIONS.
    Code Civ. Proc. § 820, authorizing a defendant, against whom a third party makes a demand for the same debt or property sued for, to apply for a substitution of such party in his place, and section 820a, authorizing a debtor, from whom the debt is claimed or demanded by adverse claimants, to bring a suit demanding a judgment of interpleader, and that it be permitted to pay the debt into court and be discharged from any further liability, do not authorize one of the claimants to bring an action against the debtor and the other claimant to determine the adverse claims.
    [Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Martha T. Brown against the Arbogast & Bastian Company and another. From a final judgment dismissing the amended complaint entered pursuant to an order made on motion for judgment on the pleadings sustaining a demurrer to the complaint interposed by the defendant named, plaintiff appeals. Affirmed.

See, also, 159 App. Div. 908, 144 N. Y. Supp. 1107.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George H. Taylor, Jr., of New York City (Frank M. Tichenor, of New York City, on the brief), for appellant.

Louis M. Hall, for respondent.

LAUGHLIN, J.  The demurrer is upon the grounds that the complaint failed to state facts sufficient to constitute a cause of action, and that there is a defect of parties plaintiff in that Harold P. Brown is a necessary party to the action. A like demurrer to the original complaint interposed by the same defendant was sustained on a motion for judgment on the pleadings, and the order was affirmed by this court. 159 App. Div. 908, 144 N. Y. Supp. 1107. Pursuant to the leave granted, the complaint was amended, and the learned counsel for the appellant seems confident that it now states a cause of action against the Arbogast & Bastian Company.

[1] The plaintiff alleges that she is the owner of certificate No. 92 for 82 shares of the first preferred accumulative stock of the Union Typewriter Company, now the defendant the Remington Typewriter Company, which is in the possession of the Remington Company but is also claimed by the Arbogast & Bastian Company, which has no right, title, or interest in or claim or lien upon the stock. The difficulty with this complaint is the same as with the former complaint; and it is that the plaintiff, who claims to own the stock and brings the action to recover possession of the same, has assumed to bring the action in the form of an interpleader and has joined the Arbogast & Bastian Company, against which she has no cause of action, as a party defendant. The further allegations of the complaint show that the Arbogast & Bastian Company asserts a right to the possession of the stock by virtue of a pledge thereof to secure a loan to the plaintiff's husband, which the plaintiff alleges has been paid. The plaintiff alleged that there is no collusion between her and the Remington Company, or between it and the Arbogast & Bastian Company, and that the Remington Company is unable to determine without hazard to itself which of the claimants is entitled to the stock, and that whichever it delivers it to it is liable to an action for conversion by the other. It is further alleged that the plaintiff has no adequate remedy at law. Judgment is demanded that it be adjudged that the Remington Company has no beneficial or other interest in the stock, and that the Arbogast & Bastian Company has no special or other property in the stock and has not had since the payment of the indebtedness to secure which it was pledged; and that plaintiff is entitled to the immediate delivery of the certificate of stock by the Remington Company to her.

[2, 3] The Arbogast & Bastian Company is not a necessary party to the plaintiff's action to recover possession of the certificate of stock. On the allegations of her complaint she is the owner and entitled to the immediate possession of the certificate of stock, and she demands judgment for such possession. The allegation that she has no adequate remedy at law can avail her nothing in these circumstances, for it is manifest that she has an adequate remedy at law, either in the form of an action of conversion or replevin. See Ehrich v. Grant, 111 App. Div. 196, 97 N. Y. Supp. 600. The remedy by an action of interpleader is given only to the stakeholder and to afford him protection against adverse claims. Code Civ. Proc. § 820a; Wenstrom Electric Co. v. Bloomer, 85 Hun, 389, 32 N. Y. Supp. 903; Pouch v. Prudential Ins. Co., 204 N. Y. 281, 97 N. E. 731, Ann. Cas. 1913C, 1191; Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991. Likewise, where the action is brought by one of the claimants before an action for interpleader is commenced, a remedy to the stakeholder in the nature of an interpleader to have the adverse claimant substituted in his place and stead as a defendant and to discharge him from liability to either claimant on his paying into court the money claimed or delivering possession of the property or its value to such person as the court may direct is authorized, and in the event that the person thus originally sued disputes, in whole or in part, the liability asserted against him or claims some interest in the subject-matter of the controversy, he is authorized to apply for an order joining the other claimant as codefendant. Code of Civil Procedure, § 820. These remedies, however, are not for the benefit of the claimants and may not be availed of by them.

The learned counsel for the appellant relies on Hasberg v. Moses, 81 App. Div. 199, 80 N. Y. Supp. 867. There are expressions in the opinion in that case which tend to sustain his contention. The opinion, however, must be read in the light of the facts upon which the court was adjudicating. That was an action on a policy of insurance which the complaint showed had been formally assigned as security for a debt, and evidently by an assignment absolute in form, so that the assignee claimed ownership and was in possession of the policy. It was therefore necessarily a suit in equity, and it was necessary to join the assignee. The case was on principle like Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281, in which it was held that the court could not reform an insurance policy and allow a recovery of the insurance money thereon as reformed without the presence of the party to whom it had been erroneously or fraudulently made payable. To the same effect is Mahr v. Norwich Union Fire Ins. Co., 127 N. Y. 452, 28 N. E. 391.

But in the case at bar the Arbogast & Bastian Company asserts no claim which requires the intervention of a court of equity to enable the plaintiff to recover. The plaintiff, on the facts as alleged by her, is entitled to the possession of the certificate of stock without requiring the aid of a court of equity to annul or reform an assignment or any other instrument. She has complete remedy at law; and whether this be deemed an action at law or a suit in equity to decree the delivery of the stock, and whether equity will entertain it, is immaterial to the question now presented for decision, for in neither case is the defend-

ant Arbogast & Bastian Company a necessary party on the facts alleged by the plaintiff. See McCabe v. McCabe, 67 App. Div. 589, 73 N. Y. Supp. 852.

It follows therefore that the judgment should be affirmed, with costs. All concur.