B. ALTMAN & CO. v. COMSTOCK et al.   (No. 6579.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

INTERPLEADER (§ 2*)—GROUNDS—DISPUTED RIGHTS.

A bailee of furs, which were claimed by two different parties, both of whom had brought replevin therefor, is prima facie entitled, upon showing that he is not in collusion with either party and offering to deposit the furs as the court may direct, to interpleader against the two claimants, and to an injunction restraining the prosecution of the replevin actions, notwithstanding the fact that in one of those actions the other claimant was joined as defendant, since that action might be dismissed as to the adverse claimant, but might not be tried first.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 3; Dec. Dig. § 2.*]

Appeal from Special Term, New York County.

Interpleader by B. Altman & Co. against Ada Comstock and another. From an order denying its motion for temporary injunction, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Solomon Hanford, of New York City, for appellant.

Henry J. Goldsmith, of New York City, for respondent Comstock.

Wales F. Severance, of New York City, for respondent Ornstein.

LAUGHLIN, J. This is an action of interpleader. On the 28th day of April, 1914, the defendant Comstock delivered certain furs to the plaintiff to be stored. Both defendants claim the furs, and have commenced replevin actions to obtain them. This action was subsequently brought, and the motion was made for an injunction to restrain the prosecution of the replevin actions.

After the plaintiff received the furs for storage from the defendant Comstock, and on the 22d day of May, 1914, the defendant Ornstein, through his attorney, notified the plaintiff that he claimed the furs. The plaintiff acknowledged the receipt of that notice, and called upon Ornstein "to establish" his claim without delay. Thereafter, and on the 9th day of June, Ornstein formally demanded possession of the furs, claiming that they had been stolen from him, and on the next day he commenced a replevin action therefor in the Supreme Court. That action was pending when this action was brought. The affidavits in the record show that on the 20th day of August, or the 14th day of September, the defendant Comstock brought an action against the plaintiff for the conversion of the furs. That action, however, was discontinued on the 15th of September, and thereupon she brought an action in replevin in the Municipal Court to recover the furs, joining Ornstein as a defendant. It is claimed on the part of the respondent Comstock that this was pursuant to an arrangement with the attorney for the plaintiff, and that pursuant thereto she procured a release to the plaintiff from Ornstein, and a direction in writing by him to the plaintiff to deliver the furs to her; but it appears that Ornstein has repudiated the release and direction for the delivery of the furs to the respondent Comstock.

Doubtless the motion was denied on the theory that the replevin action brought by the defendant Comstock, in which Ornstein is joined as defendant, will determine the controversy. There is, however, no certainty as to that, for the action may be discontinued as to Ornstein. Moreover, if the ownership of the furs could be conclusively adjudicated in that action, there is no certainty that it will be tried first, and it may subject the bailee to damages and costs therein, as well as in the other replevin action, which, if tried first, will render it ineffectual. It is not claimed that the plaintiff herein had an adequate remedy by motion in either replevin action under section 820 of the Code of Civil Procedure, or, if it did, that such remedy would be exclusive. The pending negotiations may excuse it from

having moved before answering in the first replevin action, if it should have moved therein; and as it was joined with the other claim-ant in the second replevin action, it may not have had the right to move to surrender possession and be relieved therein.

It has often been stated in judicial opinions that the remedy by motion is a substitute for an action of interpleader. Stevenson v. N. Y. Life Ins. Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Burritt v. Press Pub. Co., 19 App. Div. 609, 46 N. Y. Supp. 295; Helene v. Corn Exchange Bank, 96 App. Div. 392, 89 N. Y. Supp. 310; Wenstrom Elec. Co. v Bloomer, 85 Hun, 389, 32 N. Y. Supp. 903. But it has recently been declared by the Court of Appeals that it is *a concurrent* and more simple remedy. Pouch v. Prudential Ins. Co., 204 N. Y. 281, 97 N. E. 731, Ann. Cas. 1913C, 1191. But since this point has not been argued, and it is not clearly presented, we do not deem it necessary to express a decided opinion thereon, or to fore-close the trial court from deciding whether the full protection of the rights of plaintiff require the aid of a court of equity; for we think that plaintiff, who is merely a bailee of the furs, sufficiently shows that it cannot deliver them to either claimant without jeopardy, and it offers to deposit them as the court may direct, and shows that there has been no collusion between it and either claimant, and presents, prima facie, a case for interpleader (Beebe v. Mead, 101 App. Div. 500, 92 N. Y. Supp. 51; Ball v. Liney, 48 N. Y. 6, 8 Am. Rep. 511; Dorn v. Fox, 61 N. Y. 264; Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991; Bassett v. Leslie, 123 N. Y. 396, 25 N. E. 386; Pouch v. Prudential Ins. Co., supra), and for staying the prosecution of the replevin actions, which is the only question now presented for deci-sion.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.