FANNIE NATHAN, as Administratrix, etc., of MICHAEL NATHAN, Deceased, Respondent, *v.* DORA BERNSTEIN, Appellant, Impleaded with WILLIAMSBURGH SAVINGS BANK, Defendant.

First Department, November 19, 1937.

*Benjamin Koenig* of counsel [*Alexander Berman* with him on the brief], for the appellant.

*Adolph Axelrad*, for the respondent.

TOWNLEY, J. The administratrix of the estate of Michael Nathan, deceased, sues in equity for a money judgment against the defendant bank and for an equitable decree against the defendant Bernstein that she has no right, title or interest in the savings bank account, the proceeds of which the administratrix is attempting to reach. The deceased had opened a bank account with the defendant bank in his own name in trust for Dora Bernstein and had retained the bank book in his own possession. The complaint states:

" That sometime prior to his death, said Michael Nathan declared and stated that it was his desire and intention that the monies on deposit in the bank account established as hereinbefore stated, shall not belong or be paid to defendant Dora Bernstein, but that he desired such monies to be paid to his wife; and that at the same time and with intent to deliver possession of the passbook of said account delivered to the decedent's wife the keys to the safe deposit box belonging to him, which contained the passbook of the said bank account.

" That by reason of the foregoing, the funds in the said account now belong to and are the property of the Estate of Michael Nathan."

Plaintiff then pleads that defendant Bernstein makes a claim to the bank account adverse to the plaintiff's and has notified the defendant bank not to pay the money to the plaintiff.

Special Term denied the motion to dismiss the complaint on the ground that plaintiff had no adequate remedy at law. On this appeal the appellant again urges that plaintiff has an adequate remedy at law and also claims that the real party in interest is the wife of the deceased and not the administratrix. It is unnecessary to pass on this point on this motion because we are of the view that plaintiff has an adequate remedy at law.

It was held by this court in *Brown* v. *Arbogast & Bastian Co.* (162 App. Div. 603) that a plaintiff who alleges her title to certificates of stock of a defendant corporation and a right to immediate possession thereof cannot maintain her action in the form of one of interpleader by setting out that a third person, made defendant and having originally a lien on the stock, has no claim thereto by

reason of the fact that the amount of the lien has been satisfied. The facts in that case are substantially parallel to those asserted in the present case. On the allegations of her complaint, plaintiff is the owner and entitled to the immediate possession of the proceeds of the bank book and she demands judgment for such possession.

This court discussed the limits of equitable and legal interpleader actions in the *Brown* case (*supra*) as follows: " The allegation that she has no adequate remedy at law can avail her nothing in these circumstances, for it is manifest that she has an adequate remedy at law, either in the form of an action of conversion or replevin. (See *Ehrich* v. *Grant*, 111 App. Div. 196.) The remedy by an action of interpleader is given only to the stakeholder and to afford him protection against adverse claims. (Code Civ. Proc. § 820a; *Wenstrom Electric Co.* v. *Bloomer*, 85 Hun, 389; *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Crane* v. *McDonald*, 118 id. 648.) Likewise, where the action is brought by one of the claimants before an action for interpleader is commenced, a remedy to the stakeholder in the nature of an interpleader to have the adverse claimant substituted in his place and stead as a defendant and to discharge him from liability to either claimant on his paying into court the money claimed or delivering possession of the property or its value to such person as the court may direct is authorized, and in the event that the person thus originally sued disputes, in whole or in part, the liability asserted against him or claims some interest in the subject-matter of the controversy, he is authorized to apply for an order joining the other claimant as codefendant. (Code Civ. Proc. § 820.) These remedies, however, are not for the benefit of the *claimants* and may not be availed of by them."

It is obvious that plaintiff has an action against the savings bank either for conversion or for money had and received provided an effective revocation of the trust can be established on the trial. The appellant Bernstein has no place in the action.

Under the present state of the pleadings, the order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.